# Montgomery Light & Traction Co. *v.* King.

*Injury to Person on Track.*

(Decided June 30, 1913.   65 South. 998.)

1. *New Trial; Damages; Sufficiency.*—There is no standard for measuring damages for personal injury, and the matter must be left to the discretion of the jury; hence, a verdict should not be disturbed as excessive or inadequate unless it appears plainly to have been produced by prejurice, passion or other improper motive.

2. *Same; Inadequate Damages.*—Where the injury was to a eleven-year-old girl and consisted of the severing of the toes on her right foot, and the mutilation of the left foot, a judment for $2,500 is substantial, and the trial judge should not set it aside as inadequate.

APPEAL from Montgomery City court.

Heard before Hon. ARMSTEAD BROWN.

Action by Marian King, by her next friend, against the Montgomery Light & Traction Company. From a judgment setting aside a verdict for plaintiff and granting a new trial, defendant appeals. Reversed and rendered.

The suit was for injuries consisting in the severing of the toes on the right foot and the mutilating of the left foot of a girl about 11 years old. The jury returned a verdict for plaintiff in the sum of $2,500, which, on motion, the court set aside as excessively small and granted plaintiff a new trial.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. The cause was thoroughly tried and the record does not disclose any passion, prejudice, partiality or corruption on the part of the jury. The recovery was substantial and the court was in error in setting aside the verdict for inadequacy.—*National S. Co. v. Mabry,* 139 Ala. 217; *Mont. T. Co. v. Knabe,* 158 Ala. 458; *Moseley v. Jamison,* 8 South. 744.

GOODWYN & McINTYRE, for appellee. This court will not disturb the action of the lower court in setting aside the verdict.—*Cobb v. Malone,* 92 Ala. 635; *Killion v. Killion,* 169 Ala. 499; *Cox v. B. R. L. & P. Co.,* 163 Ala. 170; *Woodroof v. Hall,* 157 Ala. 416; *Hardeman v. Williams,* 157 Ala. 422; *L. & N. v. Williams,* 62 South. 679.

DE GRAFFENRIED, J.—We quote with approval the following excerpt from the opinion in *Moseley v. Jamison,* 68 Miss. 336, 8 South. 745, as expressive of the law: "It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury, nor should its verdict be disturbed on its finding, * * *. except in those cases where it has been plainly produced by prejudice or passion or other improper motive."

The above doctrine was announced by this court in *National Surety Co. v. Mabry,* 139 Ala. 217, 35 South. 698.

2. The above rule, applied to the facts of this case, makes our duty plain. In this case the law has fixed

no standard for the admeasurement of damages by a jury. Damages, in such cases, are left by the law to the sound discretion of the jury, and in such a case, under the law, the verdict of a jury should not be disturbed upon the ground of excessiveness or inadequacy, "except in those cases where it has been plainly produced by passion, prejudice, or other improper motive." The amount allowed the plaintiff by the jury in this case was substantial and was not so greatly inadequate as to indicate that the jury, in fixing the amount, was actuated by improper motives.

The injuries to the plaintiff were serious, painful, and permanent; but, as the law is, in such a case, unable to furnish a certain rule for the admeasurement of damages, the jury and the jury alone, in their sound discretion and judgment, after considering all the evidence, had the right to say what sum should be awarded the plaintiff as compensation to her for her injuries. In a case like this a trial court is by the law—which protects and provides for trial by jury—invested with no right to set aside such a verdict upon the ground of excessiveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced "by passion or prejudice or improper motive." In this case, as already said, the amount allowed by the jury was substantial, and in fixing the amount the jury were acting within their exclusive sphere, subject, of course, to the judicial control above indicated. The amount of the verdict is the only ground upon which in this case the presumption can possibly be predicated that the verdict was produced "by passion or prejudice or improper motive" on the part of the jury, and as the verdict was for a substantial amount, and as that was a matter, subject to the judicial control above indicated, within the exclu-

sive province, under the law, for the jury to fix, we are of the opinion that, in this case—although under its facts a trial court might have sustained a verdict in favor of the plaintiff for a larger amount—the trial court committed reversible error in setting the verdict of the jury aside.—*National Surty Co. v. Mabry, supra.*

The judgment of the trial court in setting aside the verdict of the jury and granting a new trial is therefore reversed, and a judgment is here rendered overruling the said motion.

Reversed and rendered.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.