(112 So. 112)

**ALABAMA GREAT SOUTHERN R. CO. v. RANDLE. (6 Div. 736.)**

(Supreme Court of Alabama. March 24, 1927.)

1. **New trial** ⬤⟑75(1)—**Court ordinarily should not grant new trial for inadequacy of damages awarded, where measure of damages is uncertain.**

Where measure of damages is uncertain, court ordinarily should not grant new trial, though damages awarded by jury appear manifestly too small, unless verdict was plainly produced by prejudice, passion, or other improper motive.

2. **New trial** ⬤⟑75(4)—**$1,000 verdict for injuries to person and automobile held so inadequate as to warrant new trial, where uncontradicted testimony showed over $2,100 pecuniary damage.**

Verdict for $1,000 damages *held* so inadequate as to warrant new trial, in view of evidence of damages to automobile, hospital and nurses' charges, and loss of earnings, aggregating over $2,100.

3. **New trial** ⬤⟑74—**That witnesses' uncontradicted opinions as to damage do not bind jury does not prevent judicial correction of verdict.**

Principle that witnesses' opinions as to damage, though uncontradicted, are not binding on jury, who may give them credence or not as their own experience or general knowledge of subject dictates, does not remove verdict from range of judicial supervision and correction, but exercise of court's power will be controlled by consideration of subject-matter of opinion evidence and availability vel non of jury's common knowledge and general experience with respect thereto, and in contradiction of witness' opinions.

4. **New trial** ⬤⟑69—**Court, having strong reason to believe that jury erred capriciously or ignorantly as to witness' credibility, will grant new trial.**

Court has superintendence of juries in matters of fact, and will grant new trial when it

has strong reason to believe that jury erred capriciously or ignorantly as to credibility of testimony.

5. Appeal and error ⊚⟶1015(4)—Court's conclusion, justified by evidence, that jury overlooked substantial elements of damage or capriciously rejected uncontradicted testimony, should not be disturbed.

Trial court's conclusion, justified by evidence as whole, that jury overlooked substantial elements of damage or capriciously rejected uncontradicted testimony inherently probable and credible, should not be disturbed on appeal from judgment granting new trial for inadequacy of verdict.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action by Isham B. Randle against the Alabama Great Southern Railroad Company. From a judgment granting plaintiff's motion for a new trial after a verdict for plaintiff in an insufficient amount, defendant appeals. Transferred from Court of Appeals. Affirmed.

The appellee sued the appellant for damages for injuries to his person, and resulting loss of time and earnings in his business, and also for damage done to his automobile: the gravamen of the action being the negligence of the defendant, simple and wanton, in running its train against the automobile in which plaintiff was riding. The trial was on the wanton count only.

The jury returned a verdict for plaintiff for $1,000, and judgment was rendered accordingly. Plaintiff moved the court to set aside the verdict and judgment, and to grant him a new trial, assigning therefor numerous grounds among others that "the amount awarded the plaintiff is entirely inadequate to the injuries and damage sustained by him," and that "the jury awarded an insufficient amount to fairly and reasonably compensate plaintiff for the damage sustained."

George Schwartz, a witness for plaintiff, testified about the automobile as follows:

"I am in the automobile business. Mr. Randle had a Chevrolet car, a Chevrolet sedan. I was familiar with his car at the time it was injured. It would be hard for me to say what the reasonable market value of that car was immediately before it was injured, because I had never examined the car closely, although he had it in the shop a few days, and we put a new fender on, but in appearance it was in good shape. I would say that its reasonable market value at that time was around $700. I saw the car immediately after it was injured, and at that time I would not have considered it worth anything but scrap, and as scrap it would not bring but from $10 to $25; that is what you get for a scrap car. It was a Chevrolet car that got hit down there and not a Ford sedan. The front side of it was hit, on the right-hand side of the car, the side away from the driver. The driver sits on the left-hand side of the car, and the front part of the car was injured,

and the body was broken in two at the front door; it received its blow along even with the front door. I saw the car down on the railroad."

The evidence, in so far as the hospital bill is concerned, is as follows:

"I paid my bill at the hospital of $103.90. I think that was a reasonable bill; in my judgment it was. I had two special nurses, and I paid them separate from the hospital bill. My wife wrote the check for that, and I have a list of it here if it is admissible. Mrs. Miller was the night nurse, she was paid $50; and Mrs. Jackson was the day nurse, she was paid $55. My wife wrote the check and paid the nurses. $105."

Plaintiff testified with reference to his business as follows:

"In this tailoring business that I started I did it alone; I handled a line of woolens. I would show the woolens, sell the suit, take the customer's measure, and send it in, and then get the suit and deliver it to the customer, and some of it I sold on credit and some for cash. There was no one else participating in the business. I was not engaged in any other business, but gave all of my time to that business, six days a week, during the eight or nine years before I was injured, and I worked around Bessemer here."

As to his earnings in that business, he testified that during the twelve months preceeding his injuries his average income was $175 a month, and that prior to that time his average income therefrom was $150 a month.

The evidence showed that plaintiff suffered painful and extensive physical injuries, including seven broken ribs, a lacerated scalp, and bruises of the abdominal wall; that he remained in the hospital for thirteen days, under treatment; that he then went to his home and remained confined to his bed for about two months; and that he had not done any work since his injury, which occurred about seven months before the trial.

The trial court granted the motion, and defendant appeals from that judgment.

Ben G. Perry, of Bessemer, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Evidence of value is opinion evidence, and is not conclusive on courts or juries, even when without conflict. Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354; Nat. Sur. Co. v. Citizens L. H. & P. Co., 201 Ala. 456, 78 So. 834; Andrews v. Frierson, 144 Ala. 470, 39 So. 512; Sellers v. Knight, 185 Ala. 96, 64 So. 329; Bromberg v. Norton, 208 Ala. 117, 93 So. 837; B. R. L. & P. Co. v. Hinton, 157 Ala. 630, 47 So. 576. Where there is no certain rule that can be prescribed for the guidance of the jury for the measurement of damages, the court should not grant a new trial, although the damages awarded by the jury

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appear to be manifestly too small, except in those cases where the verdict had been plainly produced by passion, prejudice, or other improper motive. Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Tenn. Valley Bank v. Osborn, 17 Ala. App. 561, 86 So. 160; National Sur. Co. v. Mabry, 139 Ala. 217, 35 So. 698.

Mathews & Mathews, of Bessemer, and Black & Fort, of Birmingham, for appellee.

The trial judge was vested with a judicial discretion to set aside the verdict for inadequacy of damages. Ætna Acc. & L. Co. v. B. R. L. & P. Co., 198 Ala. 72, 73 So. 383; De Vane v. Bauman, 82 Fla. 346, 90 So. 192; Hardeman v. Williams, 157 Ala. 422, 48 So. 108; L. & N. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877; Moseley v. Jamison, 68 Miss. 336, 8 So. 744; 1 Sedgwick on Damages (9th Ed.) 1368; 29 Cyc. 847C.

SOMERVILLE, J. [1] In the matter of setting aside verdicts because of the inadequacy of the damages awarded, this court has adopted the rule laid down in Moseley v. Jamison, 68 Miss. 336, 8 So. 745:

"It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury; nor should its verdict be disturbed on its finding, * * * except in the cases when it has been plainly produced by prejudice or passion or other improper motive."

See Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1918B, 449.

This rule does not deny that there may be cases, even of injuries not measurable by any legal standard, where the proven injuries are so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries. Doody v. Boston & Maine R. R., 77 N. H. 161, 89 A. 487, Ann. Cas. 1914C, 846, 848, and note 850; Leavitt v. Dow, 105 Me. 50, 72 A. 735, 134 Am. St. Rep. 534, 17 Ann. Cas. 1072; Benton v. Collins, 125 N. C. 83, 34 S. E. 242, 47 L. R. A. 33; Maher v. Schulang (Sup.) 117 N. Y. S. 928; McDonald v. Walter, 40 N. Y. 551; 20 R. C. L. 283, 284, § 67.

In Ætna Accident & Liability Co. v. B. R. L. & P. Co., 198 Ala. 72, 73 So. 383, the undisputed evidence, resting on the opinions of witnesses, showed that the damage to the plaintiff's automobile was at least $600, and a verdict for only $20 was set aside by this court on appeal as being inadequate, reversing the judgment of the trial court in over-

ruling the plaintiff's motion for a new trial on that ground.

On the other hand, in Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1918B, 449, where an 11 year old girl had suffered a severance of the toes of one foot, and some mutilation of the other foot, this court held that a verdict for $2,500 was substantial, and reversed the judgment of the trial court setting it aside as excessively small and inadequate.

[2, 3] In the instant case the testimony for plaintiff, there being none to the contrary, showed that his automobile was damaged to the extent of $675, that he actually paid out for hospital charges and nurses the reasonable sum of $208.90, and that he lost from his previous regular employment or business seven and one-half months of time, causing a loss of his average earnings of $175 a month for that period, amounting to $1,225. The aggregate pecuniary damage thus shown amounted to $2,108.90. This of course takes no account of the physical pain and mental suffering resulting from serious and extensive injuries.

If in fact the evidence showed the pecuniary damage above stated, more than double the amount awarded, the trial court was clearly right in setting the verdict aside, because it clearly failed to substantially compensate plaintiff for the damage suffered.

But defendant insists that the evidence showing the damage to the automobile, and also the loss of earnings, was based on the opinions of witnesses, which, though uncontroverted, were not binding on the jury, who could deal with them as they pleased, giving them credence or not as their own experience or general knowledge of the subject might dictate. Such, indeed, is the doctrine of this court as laid down in Andrews v. Frierson, 144 Ala. 470, 477, 39 So. 512, National Surety Co. v. Citizens, etc., Co., 201 Ala. 456, 459, 78 So. 834, and other cases.

This principle does not, however, remove the verdict of the jury from the range of judicial supervision and correction; but the exercise of that power by the court in such cases will be tempered and controlled by a consideration of the subject-matter of the opinion evidence, and the availability, vel non, of the common knowledge and general experience of the jury with respect to that particular subject, and in contradiction of the opinions of the witnesses.

The amount of damage done to this automobile was a matter of opinion it is true, but the opinion was based on the vocational experience of the witness, and on his personal examination and knowledge of the machine before and after it was damaged.

As to plaintiff's loss of earnings, his testimony was to facts rather than opinion—the fact of his previous monthly earnings, and the fact of his loss of those earnings during the period of his disability.

As to that loss, and also as to the expenses of hospital service and nursing, the common experience and general knowledge of the jury would be serviceable only within very wide limits.

[4] The question of damage then depended largely upon the inherent, not comparative, credibility of the witnesses. And we are committed to the principle that "the court has the superintendence of juries in matters of fact, and will grant a new trial when it has strong reason to believe a jury has erred, capriciously or ignorantly, as to the credibility of the testimony." Wolf v. Do ex dem. Delage, 150 Ala. 445, 447, 43 So. 856, 857.

[5] No doubt the trial court took into consideration, besides the items of measurable pecuniary damage, the substantial injuries inflicted on plaintiff, and the serious and protracted suffering and inconvenience that resulted. And, if it concluded, as it may be assumed it did, that the jury had overlooked substantial elements of damage, or had capriciously rejected uncontradicted testimony inherently probable and credible, that conclusion—well justified by the evidence as a whole—ought not to be disturbed.

Upon the foregoing considerations we think the judgment granting a new trial ought to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.