(133 So. 270)

**BIRMINGHAM NEWS CO. v. LESTER.**

**6 Div. 848.**

Supreme Court of Alabama.

March 19, 1931.

Lange, Simpson & Brantley and Memory L. Robinson, all of Birmingham, for appellant.

504

Crampton Harris and Harold M. Cook, both of Birmingham, for appellee.

**BOULDIN, J.**

Action in damages for injuries to person and property in an automobile collision at a street crossing in the city of Birmingham.

Verdict for plaintiff was, on his motion, set aside and new trial granted for inadequacy in the amount of damages awarded.

The appeal, designed to reinstate the verdict and judgment thereon, presents no question other than the propriety of the order granting new trial upon the ground stated.

■ The judgment of the trial court granting a new trial upon a consideration of the evidence will not be reversed "unless the evidence plainly and palpably supports the verdict." Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740.

■■ That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues. Alabama G. S. R. R. Co. v. Randle, 215 Ala. 535, 112 So. 112.

In this case the sole evidence of actual damage to his car is that of plaintiff. The same may be said as to his lost earnings. As respects personal injuries he is, in the main, corroborated by his physician. The chief criticism in brief goes to the question of credibility.

On careful consideration, and applying the rule of review above stated, we see no good reason to disturb the action of the trial court in setting aside the verdict for $150 as inadequate.

Further discussion of the evidence will not be indulged.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.