233 So.2d 495

William T. KING, a minor suing by his Father, W. C. King as Next Friend

v.

A. C. STURGIS, Harold Grimes, Andalusia Mattress Company, a partnership and Andalusia Mattress Company, a sole proprietorship owned and operated by Harold Grimes.

4 Div. 7.

Court of Civil Appeals of Alabama.

April 1, 1970.

James M. Prestwood, Andalusia, for appellant.

Albrittons & Rankin, Andalusia, for appellees.

THAGARD, Presiding Judge.

The appellant, William Tim King, age 18, was riding in an automobile with one Paul Curry on October 20, 1967, on a public street in the City of Andalusia, Alabama, at about 9:20 P.M. and was involved in a collision with a truck parked in the street in front of the house of appellee Sturgis. At the time of the collision the truck belonged to appellee Grimes and was under the control and supervision of the appellee Sturgis. The appellant was seriously injured in the collision and did, as a minor, bring suit for damages against the appellees in the Circuit Court of Covington County, Alabama.

The appellant's complaint charged that the appellee Sturgis, as agent, servant or employee of appellee Grimes, acting within the line and scope of his employment, negligently and unlawfully parked a truck on a public street in Andalusia, Alabama. The appellees' demurrer was overruled and they filed a plea of the general issue in short by consent. A jury trial was had and a verdict was returned in favor of the plaintiff-appellant in the amount of $1,000.00.

The appellant filed a motion for a new trial assigning as one ground that the amount of the verdict was inadequate for the extent of the injuries suffered by the plaintiff-appellant. The motion was denied and this appeal was taken.

Appellant's argument in brief is addressed to five assignments of error.

Assignment of Error No. 1 challenges the court for denying and overruling plaintiff's motion for a new trial.

Assignment of Error No. 8 challenges the court for refusing to give plaintiff's written charge which stated in substance that if defendant or its servants were negligent then plaintiff should recover regardless of the negligence of the driver of the automobile.

Additional Assignment of Error No. 10 relates to the trial court's exclusion of a conversation between the appellees and the father of the appellant at the hospital following the accident.

Additional Assignment of Error No. 11 charges that the court erred in charging on the effect of the evidence.

Additional Assignment of Error No. 12 charges that the court erred in not allowing appellant's attorney to argue facts that were duly admitted into evidence.

We think that the appellant made a typographical error in his brief. On page 30 of his brief he states that:

"The Appellant is not insisting on but two of the original errors assigned, Number One and Number Eight but is strenuously urging those errors and the Additional Assignments, Number 10, Number 11 and Number 12. The Appellant, in this argument has combined No. 1 and No. 8."

But, at the beginning of his argument (p. 19 of appellant's brief), appellant states that:

"We probably should and do combine Assignment of Error No. 1 and Assignment of Error No. 5 because these two alleged errors are both related, for purpose of argument, to the inadequacy of the award."

Assignment of Error No. 5 charges that the court erred in allowing the verdict of the jury, awarding damages for $1,000.00, to stand when that verdict was wholly inadequate in light of the injuries sustained by the plaintiff. The applicable portion of the argument in the appellant's brief deals only with inadequacy of the verdict and, therefore, Assignments of Error No. 1 and No. 5 were combined for argument. There is no mention of Assignment of Error No. 8 in appellant's argument.

We will address ourselves first to appellant's Assignments of Error 10, 11, 12. All of these assignments relate only to rulings of the trial court which dealt entirely with the question of the basic liability or negligence of the appellees and did not affect the amount of damages recovered.

The question of liability of the appellees is not at issue on this appeal. The jury, by its verdict in favor of the appellant, found that the appellees were negligent in parking a truck on a public street.

In Summerlin v. Robinson, 42 Ala.App. 116, 154 So.2d 685, where an appeal was taken by the plaintiff based on the inadequacy of the verdict, the court stated as follows:

"For the purposes of this appeal the verdict is conclusive that appellee at least negligently caused plaintiff's damages." (Citations omitted.)

"Since the only complaint appellant can make on this appeal is the quantum of damages, 'we will not consider as reversible error any ruling of the trial court bearing merely on the naked question of defendant's liability, and not affecting the amount of the damages recovered.' * * *" (42 Ala.App. at page 118, 154 So.2d at page 686)

Also, in Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190, the court stated the basic rule as being the following:

"It is settled by a long line of cases that on an appeal by the plaintiff from a judgment in his favor, we will not consider as revisable error any ruling of the trial court bearing merely on the naked question of defendant's liability, and not affecting the amount of the damages recovered, however erroneous it may be in fact, because, if error, such ruling is error without injury to the plaintiff. (Citations omitted.)" (255 Ala. at page 576, 52 So.2d at page 192)

Therefore, pretermitting any consideration of appellant's Assignments of Error 10, 11, and 12, we are now left with Assignments of Error 1 and 5 which deal with the main basis of this appeal, the inadequacy of the verdict.

Section 276, Title 7, Code of Alabama 1940 (Recomp.1958), provides that motions for new trials may be granted because of excessive or inadequate damages.

We are now faced with the problem of determining what constitutes inadequate damages.

In Walker v. Henderson, 275 Ala. 541, 156 So.2d 633, the court stated the following:

"The power of trial courts to set aside verdicts, while inherent in order to prevent irreparable injustice, is a power hesitantly exercised because of the solemnity of a jury verdict regarded in

background of that most precious of rights, the right of trial by jury. 'The power should be exercised only when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury.' Cobb v. Malone, 92 Ala. 630, 9 So. 738."

"The rule is strengthened in the presumption accorded the correctness of a verdict when the presiding judge denies a new trial. Cobb v. Malone, supra."

"These rules are not inflexible, and this inflexibility but illustrates the well remembered admonition of the late and beloved Dean Albert J. Farrah, stated repeatedly in almost every lecture, that 'Out of facts the law arises.' " (275 Ala. at page 544, 156 So.2d at page 636)

The basic law as applies to excessive or inadequate damages was set out by Bouldin, J., in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, as follows:

"In Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A. 1915F, 491 Ann.Cas. 1916B, 449, a case of personal injury, involving damages not measurable by any legal standard, and the question for review was inadequacy of the damages awarded, this court, after quoting and approving the opinion in Moseley v. Jamison, 68 Miss. 336, 8 So. 744, 745, declared: 'In a case like this a trial court is by the law—which protects and provides for trials by jury—invested with no right to set aside such a verdict upon the ground of excessiveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced 'by passion or prejudice or improper motive.' "

"The expression, 'passion, prejudice or improper motive,' has become quite a favored one in our decisions." (Citations omitted)

\* . \* \* \* \* \*

"These terms are to be taken in an inclusive sense to safeguard the right of trial by jury, by surrounding the verdict with all reasonable presumptions in its favor. Thus bias, meaning 'to incline to one side' (Webster's New International Dictionary), or passion, 'moved by the feelings or emotions' (Webster's International Dictionary), may include 'sympathy' as a moving influence; and there need be no 'conscious violation of duty.' " (Citations omitted)

"So it may be said 'prejudice' includes forming an opinion 'without due knowledge or examination.' Webster's International Dictionary."

"Nor is it necessary that the court should inquire and declare what wrongful influence, or failure of duty in the consideration of the case, has wrought a gross miscarriage of justice."

"For reasons of public policy, the deliberations of the jury cannot be invaded to find what motive or influence worked the mischief. The record may or may not shed light on the subject."

"The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data.

\* \* \* \* \* \*

"Accordingly, speaking of prejudice, partiality, etc., in Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112, 113, Mr. Justice Somerville decided: 'This rule does not deny that there may be cases, even of injuries not measurable by any legal standard, where the proven injuries are so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries.' "

\* \* \* \* \* \*

"The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evi-

dence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded."

"Speaking of the power and duty of the trial court in dealing with a verdict for inadequate damages, this court recently held: 'That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues.' Birmingham News Co. v. Lester, 222 Ala. 503, 504, 133 So. 270."

&ast; &ast; &ast; &ast; &ast; &ast;

"The review of this ruling is governed by Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, viz.: The trial court will not be reversed for refusing to disturb the verdict, 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' " (225 Ala. at page 581 and 582, 144 So. at pages 448 and 449)

In Yarbrough v. Mallory, supra:

"Plaintiff suffered a fracture of both bones of the left leg just above the ankle; a severe compound farcture. The large bone and surrounding tissues were crushed, the bone broken or shivered into fragments for a length of about one inch. These fragments and overlying parts were removed, the two ends prepared, brought together, fastened in place by a Lane plate, and the leg put in a plaster cast." (225 Ala. at page 582, 144 So. at page 449)

The jury returned a verdict for $1,000.00.

 By comparison, the plaintiff in the case at bar sustained the following injuries:

"a. Lacerations of his face, lips, nose, his left knee. He was critically injured.

"b. His left ankle was dislocated.

"c. Compound lineal fracture of his right leg.

"d. A fractured nose.

"e. A fracture of the right orbit, the bone under the eye.

"f. A fracture of the maxilla.

"g. Corneal tear of the right eye.

"h. Other multiple bruises, abrasions and lacerations.

"i. His nasal center is misplaced and he cannot breathe in the right side of his nose.

"j. Six teeth (anterior) were knocked out, and he now wears a partial plate &ast; &ast; &ast; He hemorrhaged repeatedly from his nose and mouth after he returned home from the hospital.

"k. He wore for weeks a long cast for the compound fracture of the right leg.

"l. He wore for weeks a short leg cast for the ankle injury.

"m. He now limps and the right leg is shorter than his left.

"n. He stayed in bed for many weeks, unable to get up for any purpose.

"o. He was in a wheel chair for weeks.

"p. He was on crutches for weeks.

"q. He had good health before the accident and worked at a job requiring

"standing; he now has to find employment allowing a sitting position, due to his injury."

In both cases, one of the plaintiff's legs was one inch shorter than the other due to the injuries suffered.

To reiterate an earlier statement, by its verdict in favor of the plaintiff, the jury found the defendant guilty of negligence which proximately caused or contributed to plaintiff's injuries. In view of the injuries sustained by the plaintiff in the case at bar, it is inconceivable that a $1,000.00 verdict could be deemed adequate. We think the jury verdict of $1,000.00 was as compensation to plaintiff for the $631.00 hospital bill outlay and the remaining $369.00 was for pain and suffering. It is beyond our power to make any finding or determination as to what influenced or motivated the jury in arriving at the amount decreed as damages. This verdict seemed to imply that the jury found the defendant only a little bit negligent and, therefore, not liable for a large amount of money. Comparative negligence is not the law in Alabama and to quote Cates, J., in Dunn v. Easley, 42 Ala. App. 51, 151 So.2d 791, "Being 'just a bit to blame' in negligence is as paradoxical as being partly pregnant."

Again, in Yarbrough v. Mallory, supra, the court declared:

"We are convinced this verdict covers no substantial damages for pain and suffering, nor for permanent injury. Without dispute this leg will always be one inch shorter than the other. Minimized as it may be, we need say no more than that this is a substantial permanent injury. We are clearly convinced this verdict does not award substantial damages for substantial injuries." (225 Ala. at page 583, 144 So. at page 450)

We adhere to this view.

The judgment is reversed and remanded.