273 So.2d 215

Esta Blackburn SMITH

v.

Geneva WINKLES.

Civ. 42.

Court of Civil Appeals of Alabama.

Jan. 31, 1973.

Rehearing Denied Feb. 14, 1973.

Traylor, Baker & Cole, Fort Payne, for appellant.

WRIGHT, Presiding Judge.

This is an appeal by defendant below from the judgment of the trial court granting a motion for new trial filed by plaintiff.

Geneva Winkles filed suit for damages in the County Court of DeKalb County, Alabama, against appellant Esta Smith. The damages claimed were for personal injury arising out of an automobile accident.

The complaint contained two counts. Count One alleging wantonness and Count Two negligence. Upon trial by jury, a general verdict with judgment thereon was entered assessing damages at $1250. Plaintiff filed a motion for a new trial. Among the grounds assigned in the motion was one charging inadequacy of the verdict.

Upon hearing, the motion for new trial of plaintiff was granted. The ground for granting the motion was not stated by the court. This Court, for the purpose of this appeal will presume that the trial court granted the new trial on the ground of inadequacy of damages. This presumption follows because had the court not granted the motion, plaintiff having received judgment below could not have presented for review any ruling of the trial court not affecting the amount of damages recovered. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495. To put the proposition more succinctly, it is only errors which affect the amount of damages recoverable that may be complained of on appeal by an appellant who was the winner of the judgment in the court below. Randle v. B'ham Ry. Light & Power Co., 169 Ala. 314, 53 So. 918; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190, and cases cited therein.

Appellant has appealed from the judgment granting the motion for new trial. However, she has assigned as error, and submitted propositions of law, pertaining to certain pleadings filed by appellant attacking the jurisdiction of the trial court to consider the motion for new trial. These matters arose in the following manner.

As previously stated, this case was tried in the County Court of DeKalb County. The motion for new trial was styled with the proper parties, proper case number and presented to and set for hearing by the

county judge, the same judge as presided at the trial. The matter complained of as wrong about the motion was that there appears in the heading thereof the following legend: "In the Circuit Court of DeKalb County, Alabama at law." There is no indication on the motion of when nor where it was filed after being set for hearing by the proper judge.

Appellant subsequently filed a motion to strike which is directed to the Circuit Court. This is marked filed by "Cecil Reed, Clerk." Two days after filing this instrument, a pleading styled "Plea in Abatement" was filed with the County Court of DeKalb County. This instrument is marked filed by "Cecil Reed, Clerk." It thus appears that Cecil Reed may be clerk of both circuit and county courts. It does not appear how pleadings allegedly filed in Circuit Court appears in the record of the county court via the transcript of the record.

■ We must presume that such instruments were properly filed in county court as certified by the clerk, Cecil Reed, in the transcript of the record. The mere clerical error of styling the motion for new trial as being in the circuit court, when it was in fact a part of the record, submitted to and acted upon by the judge of the proper court within the time provided by law is of no consequence. We note here that the pleadings filed by appellant attacking the motion for new trial were never acted upon by any court. It is presumed therefore that a ruling thereon was not requested by appellant. Matters not ruled upon by the court cannot be considered by us on appeal. If, in fact, the judgment of the trial court is coram non judice as contended by appellant, it is a void judgment and will not support an appeal. Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863. Should we have so ruled, this appeal would require dismissal.

The appellant argues that the trial court erred in granting the motion for new trial. As previously stated herein, in the absence of a stated reason for granting the motion filed by the successful plaintiff, we pre-sume the ground for granting the new trial to be the inadequacy of the damages awarded.

The power of a trial court to set aside a jury verdict for inadequacy or excessiveness of damages awarded is established by Title 7, § 276, Code of Alabama 1940.

■ The trial court should exercise its power to set aside a jury verdict hesitantly and only when it affirmatively appears that injustice will result if the facts of the case are not examined by another jury. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Walker v. Henderson, 275 Ala. 541, 156 So.2d 633.

The basic law to be applied by a trial court in considering the setting aside of a jury verdict for excessive or inadequate damages was stated in the case of Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, as follows: "In a case like this a trial court is by the law—which protects and provides for trials by jury—invested with no right to set aside such a verdict upon the ground of excessiveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced 'by passion or prejudice or improper motive.'"

This basic principle was quoted and discussed in the case of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, which case was recently quoted from extensively by the opinion of this Court in the case of King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495.

■ Since it is contrary to law to invade the deliberations of the jury to find what motive or influence affected its verdict, it is necessary to consider the record and the verdict itself in determining if a gross injustice has occurred. It was said in Yarbrough v. Mallory, supra, "The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data."

It appears thus that the question presented to the trial court on a motion for new trial based solely upon the ground of inadequate or excessive damages awarded by the jury, in the absence of an affirmative showing in the record of the presence of improper motive or influence on the jury, is—Is the verdict so opposed to the clear and convincing weight of the evidence as to injury and damage as to clearly fail to do substantial justice? In the case of inadequacy, does the verdict fail to give substantial compensation for substantial injuries?

■ Fully adhering to a belief in the constitutional right of trial by jury and fully accepting the presumptive correctness of a jury verdict, we believe that such right and presumption remains subject to the powers and duty of the trial judge to set the verdict aside and submit the case to another jury in order to prevent an evident and substantial injustice, either to plaintiff or defendant.

As was stated in Yarbrough v. Mallory, supra, we adhere to the view expressed in the case of B'ham News Co. v. Lester, 222 Ala. 503, 133 So. 270, as follows:

"  .  .  .  That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues.  .  .  . "

■ In reviewing the action of the trial court in exercising the power and discretion of granting a new trial as discussed herein, we do so with the presumption that such power and discretion was properly exercised. McLemore v. International Union, 264 Ala. 538, 88 So.2d 170. In order to remove such presumption the evidence must "plainly and palpably" support the verdict. Lee v. Moore, supra; Ala. Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754.

■ In view of another trial, we will not set out the evidence. It is sufficient to say that there was no serious conflict in the evidence as to the injuries suffered. There was no dispute that the actual medical expense was $664, and that plaintiff suffered substantial physical injury. Recognizing the exclusive right of the jury to weigh the evidence and give credibility to the witnesses, we yet cannot hold that the evidence so "plainly and palpably" supports the verdict as to require us to reverse the decision of the trial court setting aside the verdict and granting to plaintiff a new trial.

Affirmed.

BRADLEY and HOLMES, JJ., concur.