Plaintiff appeals from denial of a motion for new trial on the ground of inadequacy of damages. We reverse and remand.
Plaintiff's automobile was struck from the rear by the automobile of defendant. The undisputed evidence was that though plaintiff did not think he was injured at the time, pain in the lower back commenced the next day. He was examined by his family physician and was hospitalized for some 10 days. After leaving the hospital for five or six days, plaintiff returned to his doctor and was referred to an orthopedist. The orthopedist, after examination and tests, placed him in the hospital where he remained for 17 days. He was treated with traction, physiotherapy and medication for pain. He underwent a myelogram which failed to indicate any spinal disorder. He was discharged with objective improvement in movement and reflex action and lessened pain.
The orthopedist made a diagnosis of lumbosacral strain with sciatic nerve irritation and referral pain in the left leg. When plaintiff returned after hospitalization continuing to complain of pain and numbness in his back and leg, he was referred to a neurosurgeon in Birmingham. The orthopedist was informed in the medical history of plaintiff that he had suffered two back injuries before. The first occurred in 1961 and required removal of two discs in 1965. The second was a whiplash injury in 1968. It was the opinion of the orthopedist that the plaintiff had a 35% permanent disability to the body as a whole, 15% of which he attributed to the injury caused by defendant. It was further his opinion that plaintiff would continue to suffer pain from his injury.
Plaintiff lost 20 days from his employment as a teacher and coach. He was unable to continue his duties as a coach and suffered a $600 per year decrease in pay. He suffered much pain and loss of sleep. He was unable to help his wife at home as he had done in the past. His sexual relation with his wife was adversely affected. His medical bills were $2,532, and damage to his automobile, $300.
After hearing the unconflicting testimony and receiving the charge of the court, the jury returned a verdict in favor of plaintiff for $200.
The sole issue is whether the trial court erred in denying a new trial to plaintiff because of the inadequacy of the verdict.
This court in the case of King v. Sturgis, 45 Ala. App. 553,233 So.2d 495 quoted at length from the case of Yarbrough v.Mallory, 225 Ala. 579, 144 So. 447 to illustrate the basic rules relative to review of a refusal or the granting of a motion for new trial on the issue of inadequacy *Page 77 
or excessiveness of the verdict. Those rules are a corollary to the principles set out in the famed case of Cobb v. Malone,92 Ala. 630, 9 So. 738, relating to the granting or refusal of a motion for new trial on the ground that the verdict of the jury is contrary to the evidence or that the evidence is insufficient to support the verdict.
We discern no benefit in reiterating the statements and quotations made by us in King v. Sturgis, supra. That decision is expressive of our opinion in this case; though the injuries here are not as extensive and substantial as those related there, we nevertheless are compelled to the same conclusion.
There is no evidence to support the specific verdict of $200 in this case. The testimony as to extent of injury and cost of treatment is without conflict. Though it is the general rule that a verdict of a jury is presumed correct and should not be set aside on the ground of excessiveness or inadequacy alone unless the amount is so excessive or inadequate as to plainly indicate that the verdict was the result of passion, bias, prejudice or improper motive. Central of Georgia R. Co. v.Steed, 287 Ala. 64, 248 So.2d 110.
 "This rule does not deny that there may be cases, even of injuries not measurable by any legal standard, where the proven injuries are so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries." Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112.
 "The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded." Yarbrough v. Mallory, supra.
The jury found in this case that the defendant negligently injured plaintiff. It determined further that plaintiff suffered resulting damages. The testimony as to injuries with a measurable standard, without conflict, showed damage many times that awarded. The verdict itself, in light of the evidence, is sufficient to show bias, prejudice, mistake or failure to comprehend and appreciate the awarding of compensable damages.Montgomery Light Traction Co. v. King, 187 Ala. 619,65 So. 998; Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.
We therefore find, after allowing all reasonable presumption of the correctness of the denial by the trial court of the motion for new trial, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it is wrong and unjust and that the substantial ends of justice require the consideration of the case by another jury.Cobb v. Malone, supra.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.