BRADLEY, Judge.
This appeal is from an order of the Circuit Court of Perry County granting a motion for a new trial.
The action was commenced when Melvin C. Armstrong, a minor, suing by and through his father as next friend, filed a three count complaint alleging that the defendant, Dr. Bobby C. Merkle, was guilty of negligence, assault and battery, and wanton conduct as a result of removing three stitches from Armstrong’s left wrist within a few minutes after placing them there to stop the bleeding from a cut. The defendant pleaded not guilty. Judgment was entered on a jury verdict in favor of the plaintiff and an award of twenty dollars as damages. The plaintiff then asked for a new trial on the premise that the award was inadequate and contrary to the evidence. The motion was granted; this appeal if from that order.
In view of another trial, we will not set out the evidence. Kennedy v. General Transport Company, 293 Ala. 455, 304 So.2d 896 (1974).
The sole issue for review here is the validity of the trial court’s order granting a new trial.
The order did not state the reasons for the court’s judgment, but the motion for new trial was grounded on the theory that the verdict was contrary to the evidence and the jury award was inadequate.
In Smith v. Winkles, 49 Ala.App. 454, 273 So.2d 215 (1973), we said:
“Upon hearing, the motion for new trial of plaintiff was granted. The ground for granting the motion was not stated by the court. This Court, for the purpose of this appeal will presume that the trial court granted the new trial on the ground of inadequacy of damages. This presumption follows because had the court not granted the motion, plaintiff having received judgment below could not have presented for review any ruling of the trial court not affecting the amount of damages recovered. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495. To put the proposition more succinctly, it is only errors which affect the amount of damages recoverable that may be complained of on appeal by an appellant who was the winner of the judgment in the court below. Randle v. B’ham Ry. Light & Power Co., 169 Ala. 314, 53 So. 918; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190, and cases cited therein.”
Likewise, in the case at bar, we will presume that the trial court granted the new trial on the ground of inadequate damages.
In deciding whether the trial court erred in granting the new trial because of the inadequate damages we are guided by those principles of law set out in Smith v. Winkles, supra, as follows:
“The basic law to be applied by a trial court in considering the setting aside of a jury verdict for excessive or inadequate damages was stated in the case of Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, as follows: ‘In a case like this a trial court is by the law— which protects and provides for trials by jury — invested with no right to set aside such a verdict upon the ground of exces-siveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced “by passion or prejudice or improper motive.” ’
“This basic principle was quoted and discussed in the case of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, which case was recently quoted from extensively by the opinion of this Court in the case of King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495.
“Since it is contrary to law to invade the deliberations of the jury to find what motive or influence affected its verdict, it *790 is necessary to consider the record and the verdict itself in determining if a gross injustice has occurred. It was said in Yarbrough v. Mallory, supra, ‘The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data.’
“It appears thus that the question presented to the trial court on a motion for new trial based solely upon the ground of inadequate or excessive damages awarded by the jury, in the absence of an affirmative showing in the record of the presence of improper motive or influence on the jury, is — Is the verdict so opposed to the clear and convincing weight of the evidence as to injury and damage as to clearly fail to do substantial justice? In the case of inadequacy, does the verdict fail to give substantial compensation for substantial injuries?
“Fully adhering to a belief in the constitutional right of trial by jury and fully accepting the presumptive correctness of a jury verdict, we believe that such right and presumption remains subject to the powers and duty of the trial judge to set the verdict aside and submit the case to another jury in order to prevent an evident and substantial injustice, either to plaintiff or defendant.
“As was stated in Yarbrough v. Mallory, supra, we adhere to the view expressed in the case of B’ham News Co. v. Lester, 222 Ala. 503, 133 So. 270, as follows:
“ ‘. . . That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trier of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues. . . .’
“In reviewing the action of the trial court in exercising the power and discretion of granting a new trial as discussed herein, we do so with the presumption that such power and discretion was properly exercised. McLemore v. International Union, 264 Ala. 538, 88 So.2d 170. In order to remove such presumption the evidence must ‘plainly and palpably’ support the verdict. Lee v. Moore, supra [282 Ala. 461, 213 So.2d 197]; Ala. Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754.”
After carefully reviewing the record in the case at bar, we cannot say that the evidence presented to the trial court plainly and palpably shows that the trial court was in error in granting the motion for new trial. In view of the evidence in this case we must presume that the trial court viewed the evidence impartially and came to the conclusion that the verdict was unjust in the light of the evidence and that it was its duty to grant a new trial. We therefore affirm the order of the trial court granting a new trial.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.