Plaintiff appeals from the denial of a motion for new trial on the ground of inadequacy of damages. We reverse and remand.
Plaintiff purchased a tube of glue sold by defendant through a local drug store. While applying pressure to expel the glue, a seam at the unopened end of the tube ruptured. Glue splashed into plaintiff's left eye. The eye was immediately irrigated and she was transported to a hospital. She suffered excruciating pain from burns to the cornea of her eye. Her eye was irrigated with a saline solution throughout the night, in the hospital. She was given anti-inflammatory and pain relieving drugs and was seen by an ophthamologist the next morning. Examination disclosed minor burns to the epithelium of the cornea. Eye drops and medication for pain were prescribed. She was dismissed from the hospital. She was seen again by the physician the following day. Her eye healed in three days but it was some three weeks before her eye ceased being sensitive to light. There was no permanent injury.
Plaintiff presented evidence of special damage as $15 for drugs, $65 for the doctor, $257 for the hospital and $254.50 for lost wages, a total of $591.50. The jury returned a verdict for plaintiff in the amount of $100. Motion for new trial upon the ground of inadequacy of damages was denied. Whether the verdict was inadequate and the court erred in denying a new trial therefor is the issue on appeal.
The questions presented on a motion for new trial on the ground of inadequacy of damages are whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice and does the verdict fail to give substantial compensation for substantial injuries?Smith v. Winkles, 49 Ala. App. 454, 273 So.2d 215 (1973). As a general rule a jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy unless the *Page 385 
amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice or improper motive. Spearsv. Bishop, 339 So.2d 75 (Ala.Civ.App. 1976); Lipham v. McElroy,57 Ala. App. 96, 326 So.2d 290 (1976); King v. Sturgis,45 Ala. App. 553, 233 So.2d 495 (1970). But there is a strong presumption of correction which attaches to a trial court's refusal of a motion for new trial. Brooks v. Cox, 285 Ala. 267,231 So.2d 302 (1970).
Plaintiff contends that since the jury returned a verdict in her favor, she was entitled to recover substantially more than $100 if she were entitled to recover anything. She further contends failing to award damages for medical expenses, lost wages and pain and suffering was capricious and not in accordance with the great preponderance of the evidence. Defendant contends the evidence failed to show as damages any expenses or losses borne by plaintiff in excess of the jury verdict.
Plaintiff is not required to prove she actually paid the expenses claimed as damages but only that she was liable for payment of them. Alabama Power Co. v. Edwards, 219 Ala. 162,121 So. 543 (1929); Birmingham R., Light Power Co. v.Humphries, 172 Ala. 495, 55 So. 307 (1911); Bates v. GeneralSteel Tank Co., 36 Ala. App. 261, 55 So.2d 213, cert. dismissed256 Ala. 466, 55 So.2d 218 (1951).
Construing the verdict most favorably, we do not find it compensated plaintiff for any lost wages or hospital expenses and perhaps only minimally for pain and suffering.
The testimony of plaintiff as to loss of wages was as follows:
 "Q As a result of this injury to your eye, did you lose any time from your work?
A A week.
Q And how many working days was that?
A That was five working days.
 Q And what would have been your rate of pay for these four or five working days?
A At that time, it was $254.50."
Defendant contends this testimony failed to establish that plaintiff actually lost any wages. We disagree. Plaintiff is not required to negate the possibility that she was compensated by her employer for the time she was absent from work as a result of the injury to her eye. Birmingham Electric Co. v.Baker, 219 Ala. 324, 122 So. 316 (1929); Central of Georgia Ry.v. Storrs, 169 Ala. 361, 53 So. 746 (1910); see Annot., 7 A.L.R.3d 516 at 536-38. The last question shown above is phrased with the inference that she was not compensated by her employer. The question was what would have been your rate of pay (had you been paid), not what was your rate of pay at that time. As the court in Central of Georgia Ry. v. Storrs, supra, stated, if plaintiff had been compensated by her employer, defendant could have brought that fact out on its cross-examination of plaintiff. Without any evidence that plaintiff's wages were paid, we find she sufficiently showed a loss of wages as the result of her injury. It is undisputed that she lost $254.50 in wages for the time she was absent from work.
Plaintiff introduced an itemized hospital bill which showed that it was estimated $257 of her expenses would be covered by Blue Cross Insurance, that if the insurer did not pay that amount the patient would be required to do so, and that no payment was due at that time. There was testimony that $257 was a reasonable amount for the treatment she received.
Defendant contends the collateral source rule is a rule of evidence which merely prevents a showing by a defendant that payments have been made to plaintiff by a collateral source, such as an insurance company; Carlisle v. Miller, 275 Ala. 440,155 So.2d 689 (1963); Jones v. Keith, 223 Ala. 36, 134 So. 630
(1931); Allen v. Zickos, 37 Ala. App. 361, 68 So.2d 841 (1953); but that it does not excuse a plaintiff from showing he was paid or is obligated to pay.
Without agreeing or disagreeing with defendant's contention, we find the *Page 386 
damages recoverable by plaintiff should not be diminished by the fact that she has been wholly or partially indemnified for her loss by hospital insurance to which defendant did not contribute. Annot., 13 A.L.R.2d 355; 22 Am.Jur.2d Damages Sec. 210; 25 C.J.S. Damages Sec. 99 (2). It was improper for the jury to disregard plaintiff's hospital bill as an element of her damages because of the possibility it might have been paid by her insurer. The evidence is undisputed that the reasonable cost of plaintiff's hospital treatment was $257. A jury cannot disregard competent evidence as to damages and substitute its own judgment. State v. Crawford, 277 Ala. 568, 173 So.2d 109
(1965); Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421 (1945).
Defendant further contends that even if $591.50 in damages had been proven, the discrepancy between the undisputed damages and the amount of the verdict is not so great as to establish that the verdict was wrong and unjust. When damages are small, at first glance there may not appear a great discrepancy. However, in this case it is almost six to one. If we were dealing in thousands of dollars rather than hundreds, the spread would be most noticeable. We find that the verdict is so contrary to the unconflicting evidence as to injury and damages and to the charge of the court that it must be set aside and a new trial granted.
The jury found that defendant was liable in damage for its tort. The jury may not act capriciously in awarding just compensation to the plaintiff. The denial of a new trial was error. We reverse the judgment of the trial court and remand for a new trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.