HOLMES, Judge.
This is an appeal by the plaintiff from the trial court’s action denying plaintiff’s motion for a new trial because of inadequacy of the damages assessed. We affirm.
The plaintiff sued the defendant for its negligence in repairing a hole in the street. A jury returned a verdict for $3,000 in favor of the plaintiff and against the defendant. The plaintiff filed a motion for new trial. This motion was bottomed on the premise that the damages were inadequate. The trial court denied the plaintiff’s motion, hence this appeal.
We do not deem it necessary to set out the evidence in the instant appeal. Suffice it to say this court has carefully perused the entire record. Our perusal of the record reveals that there is very little evidence regarding the monetary amount of damages suffered by the plaintiff. Furthermore, we find no specific evidence that all the alleged *972 damages incurred were incurred as a proximate result of the accident. We do find some evidence relating to lost wages; however, the amount thereof is not a paragon of clarity.
In any event, this court in Watts v. Pettway, 49 Ala.App. 324, 272 So.2d 251 (1973) (quoting from King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495 (1970)), attempts to state a detailed analysis of the “inadequate award” question. We refer interested parties to Watts. However, the following found in Watts is dispositive of the instant appeal:
“The basic law as applied to excessive or inadequate damages was set out by Bouldin, J., in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, as follows:
“ ‘In Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A.1915F, 491 Ann.Cas.1916B, 449, a case of personal injury, involving damages not measurable by any legal standard, and the question for review was inadequacy of the damages awarded, this court, after quoting and approving the opinion in Moseley v. Jamison, 68 Miss. 336, 8 So. 744, 745, declared: “In a case like this a trial court is by the law — which protects and provides for trials by jury — invested with no right to set aside such a verdict upon the ground of excessiveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced ‘by passion or prejudice or improper motive.’ ” ’ ” 49 Ala.App. at 327, 328, 272 So.2d at 253, 254.
In this instance, from our review of the record and briefs, we cannot say the verdict was produced “ ‘by passion or prejudice or improper motive.’ ”
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.