WRIGHT, Presiding Judge.
This cáse arose from an automobile accident. Plaintiff was awarded a verdict with damages in the sum of $2,670. Her motion for new trial was denied. She appealed. The dispositive issue is whether a new trial should have been granted because of the inadequacy of the damage award.
It is basic in our law that a jury verdict is presumed correct. That presumption is strengthened on appeal when a motion for new trial has been denied by the trial judge. Woods v. Laster, 291 Ala. 139, 279 So.2d 121 (1973); Crum v. McGhee, 289 Ala. 244, 266 So.2d 855 (1972). A jury verdict attacked upon the ground of inadequacy of damages will not be set aside unless it is so inadequate in amount in light of the evidence as to plainly indicate it was rendered as a result of passion, prejudice, mistake or other improper motive. Henderson v. Hanson, 414 So.2d 971 (Ala.Civ. App.1982); Jackson v. Roddy, 224 Ala. 132, 139 So. 354 (1932).
We have carefully read the evidence in the record and considered arguments of counsel in light of cited authority. Plaintiff suffered some injury and incurred medical expenses. The verdict of the jury was in the sum of $2,670. Plaintiff was stated to have lost some time from her employment as a sitter for elderly people. It is stated in brief that the verdict is slightly less than the medical costs and wages lost.[1] Therefore, it is the contention of plaintiff that she received nothing for her pain and suffering. We will not dispute plaintiffs contention, though defendant presents the counter-contention that the jury’s verdict could include some award for pain and suffering.
Assuming the correctness of plaintiff’s contention that little or nothing was awarded by the jury for pain and suffering, we yet cannot reverse for that reason.
We have previously herein cited the principle that the reviewing court is extremely reluctant to supersede the judgment of the jury, as disclosed by its verdict, and the judgment of the trial court, as indicated by the refusal to grant a new trial. There is yet another principle which must be especially applied to a verdict charged with being inadequate or excessive for pain and suffering from a personal injury. That principle is that an award for pain and suffering has no legal standard of measurement and must be left to the sound discretion of the jury. Louisville & Nashville Railroad Co. v. Robinson, 213 Ala. 522, 105 So. 874 (1925). That discretion should not be interfered with merely because it may differ from the opinion of the reviewing court. The authority of the reviewing court to disturb a jury verdict should be exercised with great caution and only after determining that the amount is so inadequate or excessive as to clearly indicate that it is wrong and unjust and constitutes an abuse of discretion. Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522 (1965); Stringfellow v. Rambo, 277 Ala. 349, 170 So.2d 494 (1965).
This court, speaking through its first distinguished presiding judge, Judge T. Werth Thagard, in the case of King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495 (1970), assembled many of the authorities stating the principles upon which we continue to rely. We consider the quotation in King v. Sturgis, taken from the case of Alabama Great Southern Railroad Co. v. Randle, 215 Ala. 535, 537, 112 So. 112, 113 (1927), authored by Mr. Justice Somerville, to properly state a valid test of the inadequacy of a verdict for personal injuries having no measurable standard, i.e., pain and.suffering. A paraphrase of that statement is, a court would be fully justified in setting aside as grossly inadequate the verdict of a jury if it fails to award substantial compensation for substantial proven injuries. This court pointed to the opinion of King v. Sturgis in the more recent case of Watts v. Pettway, 49 Ala.App. 324, 272 *883 So.2d 251 (1972). We now reaffirm those cases here.
Our review, after considering each of the above stated presumptions and principles, fails to convince us that the verdict of the jury in this case is so grossly inadequate as to amount to an abuse of discretion. We therefore find no error in the denial of a new trial by the trial court.
We find no basis for reversible error because of the reference by defendant’s counsel, before the jury, to the presence in the lawsuit of plaintiffs insurance company as a plaintiff subrogee. Rule 17(a), A.R.Civ.P., provides for the presence of a subrogee in the case as a party plaintiff. Norton v. Staples, 377 So.2d 1095 (Ala.Civ. App.1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. Actually our addition of the figures presented by plaintiff in brief indicates a much larger difference than contended by plaintiff.