RUSSELL, Judge
(dissenting).
I respectfully dissent. I would affirm the judgment of the trial court, holding that based on the “collateral source” statute enacted in 1987, the trial court did not abuse its discretion by failing to grant Carver’s motion for new trial.
The majority, citing Denton v. Foley Athletic Club, 578 So.2d 1317 (Ala.Civ.App.1990), holds that the damages recoverable by Carver should not be diminished by the *428 portion of the medical bills that was paid by Carver’s insurance company and that she is entitled to recover at least the amount of undisputed medical bills, as well as compensation for pain and suffering. In Denton this court relied on Roland v. Krazy Glue, Inc., 342 So.2d 383 (Ala.Civ.App.1977). Roland was a 1977 case that occurred prior to the enactment in 1987 of § 12-21-45, Ala.Code 1975. Section 12-21-45 provides as follows:
“(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiffs medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.
“(b) In such civil actions, information respecting such reimbursement or payment obtained or such reimbursement or payment which may be obtained by the plaintiff for medical or hospital expenses shall be subject to discovery.
“(c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible.
“(d) This section shall not apply to any civil action pending on June 11, 1987.”
The present action was filed on June 1, 1988; therefore, the statute is applicable, and the trial court’s judgment is due to be affirmed.