296 So.2d 739

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY**

v.

**Mike ANDERSON and L. M. Anderson, Jr.**

**Civ. 323.**

Court of Civil Appeals of Alabama.
June 19, 1974.

Kellett & Scruggs, Fort Payne, for appellant.

Traylor, Baker & Cole, Fort Payne, for appellees.

HOLMES, Judge.

This is an appeal by appellant-insurer, defendant below, from an order by the trial court granting plaintiff's motion for a new trial because of inadequacy of the damages assessed.

Suit was brought by a father and his minor son directly against the defendant-insurer under the uninsured motorist provisions of two policies. The complaint as ultimately received by the jury consisted of two counts. One count (Count III) alleged that the plaintiffs were due the combined sum of the policies, which was $20,000, as a result of personal injuries suffered from an automobile accident; and the other count (AAA) alleged damages as a result of bodily injuries, pain, suffering, mental anguish, and disability. The count further alleged expenses for doctors, hospitals, drugs, and treatment. Both counts were bottomed on the uninsured motorist provision of an insurance policy.

The jury returned a verdict in favor of the plaintiffs; assessed their damages at $5,000; and the lower court entered a judgment pursuant thereto. Thereafter, plaintiffs filed a motion for new trial, which was granted by the trial court. Defendant-insurer now appeals this action to this court.

The only question involved in this appeal is whether the trial court erred to reversal in granting plaintiffs' motion for new trial on the grounds of inadequacy of the dam-

ages awarded. It is, therefore, only necessary to set forth the particular tendencies of the evidence pertaining to this aspect.

One of the appellees, a minor, was injured in an automobile accident which occurred on July 26, 1969, near Scottsboro, Alabama. He was taken by ambulance to the Scottsboro Hospital immediately after the accident and then was transferred to the Huntsville Hospital. Appellee testified he stayed in the hospital at Huntsville for twenty-one days. His injuries were as follows: a broken jaw which had to be wired together for a period of six weeks; the loss of at least one tooth as a direct result of the accident and possibly more depending upon how the testimony is viewed; and appellee's leg had to be amputated eight inches below the knee as a result of injuries received in the accident. The loss of plaintiff's leg occurred about two weeks after the accident due to severe infection and complications following two prior operations in an attempt to save the leg. Appellee testified that after amputation, he was on crutches for six months before he was fitted with an artificial leg. He further stated it was about three months before he could walk with any satisfaction on the artificial leg, and that he has had three different artificial legs since the accident. Appellee also testified to pain and suffering as a result of said injuries.

Testimony by Dr. Paul Robinson was introduced by deposition to the effect that appellee, as a result of his injury and resultant loss of his leg, incurred 80% permanent disability of the entire lower extremity and a 20% disability to the body as a whole.

Testimony and depositions showed that appellee's medical bills as a direct result of the accident were, at least, as follows:

| | |
|---|---|
| Dr. Paul Robinson (Orthopedic Surgeon) | $ 650.00 |
| Dr. Thomas W. Jones (Oral Surgeon) | 250.00 |
| Dr. George Walker (Plastic Surgeon) | 250.00 |
| Huntsville Hospital | 1,802.70 |
| Radiologist | 14.00 |

There were also charges in the amount of $456 from Dr. J. M. Brewer, a local dentist, for two partial plates which charges were left for the jury to decide whether the accident necessitated such work being done.

Able and distinguished counsel for appellant states in brief that under the complaint received by the jury, there was no claim for loss of wages, or hospital, doctor, or medical expenses. We cannot agree.

Count AAA, paragraphs 6, 7, and 8, alleges as follows:

"6. Plaintiffs allege that on said occasion in said wreck Plaintiff, Mike Anderson, suffered bodily injury in that he sustained a fractured jaw and loss of teeth and numerous lacerations, abrasions and contusions about his body; his right leg and ankle were fractured, dislocated and crushed so that his right foot and leg had to be amputated just below the knee all causing the Plaintiff, Mike Anderson, great pain, suffering, mental anguish, and permanent disability.

"7. At the time of said wreck and said injury Plaintiff, Mike Anderson, was a minor living at home and as a result of said wreck and said injury the Plaintiff, L. M. Anderson, Jr. has incurred expenses for doctors, hospitals, drugs, and treatment which expenses are covered by said uninsured motorist coverage.

"8. The plaintiffs allege that as a result thereof the plaintiffs have sustained damages greatly in excess of the limits of the coverage of the two policies combined but that they ought to be entitled to recover at least the maximum amount of insurance coverage which is $20,000.-00

"Wherefore, plaintiffs demand judgement [sic] against the defendant in the sum of $20,000.00 and costs."

Furthermore, in its oral charge to the jury, the trial court stated in pertinent part as follows:

"There are claims in the case for certain medical expenses, hospital bills, for the treatment in an effort to restore the plaintiff to health.

.    .    .    .    .    .

"You have also heard some testimony with respect to physical pain and mental anguish or suffering. . . ."

At the conclusion of the court's oral charge, both parties replied they were satisfied with the trial court's oral charge.

■ In view of the above, appellant's contention that appellees made no claim for loss of wages, hospital, doctor, or medical expenses is, as we view the entire record, without merit since, as we view Count AAA, there is a claim for medical expenses and the case was tried in accord therewith as evidenced by the trial court's oral charge.

Appellant contends error by the lower court in granting the new trial based upon insufficiency of the jury's award on the grounds that such action cannot be taken unless the verdict was reached as a result of either corruption, prejudice, passion, or improper motive. Appellant cites Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, and Castleberry v. Morgan, 28 Ala.App. 70, 178 So. 823, for the foregoing contention and asserts that neither of the requisites listed above was shown by appellee.

■ To properly look at this question, one must consider Ala.Code (1940), Tit. 7, § 276, which establishes the power of a trial court to set aside a jury verdict for inadequacy or excessiveness of damages. Furthermore, our cases have held that the lower court should exercise its power to set aside a jury verdict only when it affirmatively appears that injustice will result if the facts of the case are not examined by another jury. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Walker v. Henderson, 275 Ala. 541, 156 So.2d 633; Smith v. Winkles, 49 Ala.App. 454, 273 So.2d 215.

Appellant cites Montgomery Light & Traction Co., supra, for his assertions, however, we must consider that case as it was discussed in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, and by our former Presiding Judge Thagard in King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495, whereby Montgomery Light's principles are more fully illumined.

■ For reasons of public policy, the court cannot invade the deliberations of the jury to determine motives or influence, but must look to the record and the verdict itself in order to determine whether a gross injustice has occurred. This view is recognized by the court in Yarbrough v. Mallory, supra, wherein the following is found:

"The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data." (225 Ala. at 581, 144 So. at 449).

■ As stated in Smith v. Winkles, supra, when the motion for new trial is based on inadequate or excessive damages, and in the absence of an affirmative showing in the record of the presence of improper motive or influence on the jury, the question is whether the verdict is so opposed to the clear and convincing weight of the evidence regarding injury and damage as to clearly fail to do substantial justice. Furthermore, in the case of inadequacy of damages, does the verdict fail to give substantial compensation for substantial injuries?

We have held that the trial judge has a duty to prevent the occurrence of an evident and substantial injustice to either plaintiff or defendant, and upon his so finding, he must set the verdict aside and submit the case to another jury. For a full discussion of the aforementioned principles, see Watts v. Pettway, 49 Ala.App. 324, 272 So.2d 251.

We fully adhere to the following statement as quoted in Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270, and cited in Yarbrough v. Mallory, *supra,* and Smith v. Winkles, *supra* :

> ". . . That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues. . . ." (222 Ala. at 504, 133 So. at 270)

We have reviewed the action of the trial court in exercising its power to grant a new trial, as discussed herein, with the presumption that such exercise was proper. McLemore v. International Union, 264 Ala. 538, 88 So.2d 170. Furthermore, we cannot disturb such presumption on review unless the evidence plainly and palpably supports the verdict. Lee v. Moore, *supra* ; Smith v. Winkles, *supra.*

Under the facts and evidence of this case, we cannot say the trial court improperly exercised its discretion. This was a substantial permanent injury, as shown herein above. Additionally, there is evidence of pain and suffering and substantial disability to appellee resulting from the loss of his leg.

Therefore, when viewed by the criteria as set out in Yarbrough v. Mallory, *supra* ; King v. Sturgis, *supra,* and Smith v. Winkles, *supra,* this court cannot say the trial court erred to reversal in granting the motion for a new trial.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.