296 So.2d 733

**Elnora All CURRY**

v.

**Sandra GRIFFITH.**

Civ. 320.

Court of Civil Appeals of Alabama.

June 26, 1974.

John R. Phillips, Anniston, for appellee.

John S. Casey, Heflin, for appellant.

WRIGHT, Presiding Judge.

This is an appeal from the granting of a new trial upon motion of plaintiff. In its order granting the new trial the court stated: ". . . the court is of opinion the damages awarded the plaintiff are inadequate to the extent a new trial should be granted."

We said in Smith v. Winkles, 49 Ala. App. 454, 273 So.2d 215, as follows:

"It appears thus that the question presented to the trial court on a motion for new trial based solely upon the ground of inadequate or excessive damages awarded by the jury, in the absence of an affirmative showing in the record of the presence of improper motive or influence on the jury, is—Is the verdict so opposed to the clear and convincing weight of the evidence as to injury and damages as to clearly fail to do substantial justice? In the case of inadequacy, does the verdict fail to give substantial compensation for substantial injuries?

. . .

"In reviewing the action of the trial court in exercising the power and discretion of granting a new trial as discussed herein, we do so with the presumption that such power and discretion was properly exercised. McLemore v. International Union, 264 Ala. 538, 88 So.2d 170. In order to remove such presumption the evidence must 'plainly and palpably' support the verdict. Lee v. Moore, supra; Ala. Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754"

We have carefully reviewed the evidence as to injury and damages. Nothing affirmative appears in the record indicating prejudice, bias, passion or improper motive on the part of the jury. The case was tried in a capable and unusually sedate manner.

The injuries, though briefly disabling, appear from the evidence to have healed with no material residual or permanent effect, except for slight cosmetic scars and loss of a tooth. The primary injuries were loss of a tooth, replaced by a permanent bridge, two broken teeth, repaired by crowns, cervical strain with fractured transverse processes of a thoracic and cervical vertabrae, a broken metacarpal bone in the right thumb and multiple bruises and lacerations. Plaintiff was hospitalized for ten days. A cast was applied to the right hand. She was in neck traction for most of the ten days in the hospital. She wore a neck collar for several weeks, with bed rest at home for two weeks.

She was dismissed by her doctor to return to work three months after the accident. After returning to work, she developed low back pain and stopped working. She consulted an orthopedist who diagnosed the low back pain as due to congenital scoliosis or curvature of the spine. It was the opinion of the orthopedist that such condition and pain did not result from the trauma of the accident. Plaintiff returned to work full time in April 1972, some eight months after the accident.

Plaintiff expended $1680.52 for doctor and hospital costs. Assuming loss of wages for only three months, she lost over one thousand dollars. Thus the sum of specials and loss of earnings was approximately the amount of the verdict. There was no award for pain and suffering and permanent injury, including loss of her teeth and at least some possible residual effect to her back and thumb.

There is presented in cases such as this, two seemingly conflicting presumptions. First, the presumption of the correctness of a jury verdict reached after a full and fair hearing of the evidence. Every litigant has the constitutional right to have issues of fact determined by a jury if such right existed at common law. Article 1, Section 11, Constitution of Alabama. However Title 7, Section 276, Code of Al-

abama 1940, gives power to the trial court to set aside any verdict of a jury which it considers inadequate or excessive and submit the case to another jury. Such power in the trial court should be exercised with great consideration and caution and only if it plainly appears, either from the events of the trial or from the amount of the verdict in light of the clear and convincing evidence, that injustice will be done if the facts are not examined by another jury. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495; Smith v. Winkles, supra.

■■ The second presumption is that if the trial court exercises its power of granting a new trial, it properly did so. McLemore v. International Union, supra. In order to overcome the latter presumption, the reviewing court must find that the evidence clearly and fully supports the verdict of the jury. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Ala. Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754.

Upon review, the reviewing court must consider both the first and second presumptions. The trial court is confronted with only the first. However, the trial court having presided over the trial, observed the witnesses, umpired the contest, observed the jury during the trial, aware of their personalities, abilities and motives, felt the atmosphere and nuances surrounding every trial, is in a far better position to weigh the presumption of correctness of the verdict than is the reviewing court. It is therefore only in cases of obvious and convincing proof of abuse of its statutory power that the reviewing court will reverse the granting of a new trial by the trial court.

■ It is not simply a question of what the reviewing court thinks of the weight and tendencies of the evidence, nor what we think we would have done had we been sitting as the trial judge. It is our duty to determine after considering all of the tangible evidence in the record and the often intangible matters known to the trial judge, but not evident from the record, that the evidence so strongly supports the verdict of the jury that submission of the case to another jury would be unjust to the parties and contrary to the principle of conclusiveness of a jury verdict.

■ We confess, under the facts of this case, had the trial judge denied the motion for new trial, we would have affirmed. However, after considering the evidence, we are unable to hold that the evidence so strongly supports the verdict that the trial judge must have committed error in setting it aside. We therefore affirm.

Affirmed.

BRADLEY and HOLMES, JJ., concur.