The appellant, Educators' Investment Corporation of Alabama, Inc., an Alabama corporation, appeals from the trial court's denial of appellant's motion for summary judgment notwithstanding the verdict (JNOV). The motion averred that judgment should be granted for appellant as the appellees, Deuel and Lala White, suffered no damage or injury as a result of the alleged misrepresentation by Educators' Investment Corporation. We affirm.
Educators' Investment Corporation of Alabama, Inc. (hereinafter referred to as "Educators") was incorporated in Birmingham, Alabama in 1956 as a stock company. From the very beginning the corporation had a policy of purchasing its common stock from shareholders who decided to sell at the current price of the stock, less ten percent for handling fees in purchasing the stock.
Deuel and his wife, Lala, purchased eight hundred twenty shares of common stock in Educators between April 29, 1966 and May 1, 1970. Additionally, they received a total of seven hundred fifty dividend shares between July 1, 1966 and July 1, 1974.
On April 28, 1972 the Whites received $7,000 cash for executing a promissory note which later resulted in this lawsuit. Thereafter, the Whites made thirty installments of $103.02 and one installment of $102.03 (obviously a minor error on Mr. White's part) of the ninety-six installments required in the note.
In the general business recession of 1973 and 1974, the number of shares of stock offered for redemption to the company dramatically increased. The company, apparently, was unable to, or found it difficult, to meet the increased demand for redemption. On September 14, 1974 Educators' Board of Directors passed a resolution discontinuing the purchase of its stock.
As a result of this resolution, a common stock shareholder, Reva Allman, instituted a class action on behalf of herself and the other similarly situated stockholders, in the United States District Court for the Northern District of Alabama, Southern Division. Reva Allman had purchased common stock of Educators in reliance upon the corporation's commitment to repurchase its own stock. The complaint (including the amended complaint), in essence, alleged misrepresentation of a material fact in violation of § 10 (b) of the 1934 Securities Exchange Act and Rules 10b-5 and 10b-6 promulgated thereunder by the Securities and Exchange Commission. The Whites, among other shareholders, intervened in the class action on September 29, 1976.
The parties involved settled, and on May 31, 1977 a final judgment was entered by the United States District Court between the stockholders as a class and the corporation, its officers and directors. The final judgment adopted the proposed stipulations of the pro tanto settlement and dismissed the case with prejudice on the merits. The stipulations provided further that Educators would pay two and a half million dollars to a custodian who would distribute the money to the shareholders. The stipulation also stated that the stockholders did not have to transfer their stock to the corporation in order to participate in the settlement.
On December 18, 1974 White wrote a letter to Educators stating his desire to settle the balance of the note with the dividend shares in the corporation. (White alleged in the trial that the executive director, Marshall Masters, had stated before the note was signed that this method of payment by White would be satisfactory *Page 907 
with the corporation.) On January 8, 1975 Masters wrote back to White asking them to wait until a committee decision had been made. On November 25, 1974 Educators received Mr. White's last installment payment, leaving a balance owed to the company of approximately $5,178.24, which Mr. White could then pay off with his dividend shares.
On October 7, 1977 Mr. White was notified by Educators that he was in default of his payments in accordance with his promissory note, and that Mr. White now owed Educators $6,556.81. Educators filed suit against the Whites on November 28, 1977.
At trial the Whites admitted executing the note, but they denied the indebtedness in general, as well as denying the indebtedness of the amount claimed. The Whites also alleged misrepresentation, claiming that Educators, through Mr. Masters, had agreed at the time of the loan transaction to allow payment on the note with stock dividends, but that Educators later refused to fulfill its part of the oral agreement.
Educators filed a motion for summary judgment and a motion in limine on July 19, 1978. The summary judgment was based on the complaint, the answers, interrogatories, an affidavit of the amount due, and reference was made to the unreported decision of Allman v. Educators Investment Corp., No. 76-441 (D.Ala. 1977). The motion in limine requested the court to order the Whites not to offer testimony concerning Educators' failure to accept their stock in payment of the note.
The trial court denied both motions and pointed out that the materials presented by Educators in support of its res judicata claim were insufficient to establish that the Allman case decided the same issues as in the present case.
The case was tried before a jury on February 14 and 15, 1979. At the close of the evidence Educators moved for a directed verdict on the sole ground that the Whites had failed to prove any damages resulting from the misrepresentation in the loan transaction. The motion was denied, and the trial judge entered judgment for the Whites on February 15, 1979 after the jury had returned a verdict in their favor. Subsequently, on February 22, 1979, Educators filed a motion for judgment N.O.V., or in the alternative for a new trial. Educators requested the court to enter judgment in accordance with its motion for directed verdict or, in the alternative, for a new trial. On April 11, 1979 the motion for J.N.O.V. was denied, and under ARCP Rule 59.1 the failure of the trial court to dispose of the motion for new trial constitutes a denial of that motion. On May 21, 1979 Educators filed an appeal with this court regarding the trial court's ruling which denied Educators' motion for J.N.O.V. In Educators' earlier motion for a directed verdict, Educators argued that the Whites had not sufficiently proven damages. Therefore, White contends, this should be the only issue before our court. However, Rule 4 (a)(3) of the Alabama Rules of Appellate Procedure states that:
 Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52 (b) or Rule 59 of the ARCP.
The Committee Comments note that:
 The provision of subdivision (a)(3) in the last sentence permitting assertion in the appellate court of any matter raised or asserted in the trial court whether such matter was raised by motion for new trial under ARCP Rule 59 or for motion of amendment of findings of fact under ARCP Rule 52 (b) is a departure from existing Alabama practice. The rule does not, however, extend the right to raise for the first time on appeal new matter not presented to the trial court or upon which the trial court had no opportunity to pass.
 The requirement retains the practice that matters raised on appeal must have been presented to the trial court at some stage. Thus matters which can only be raised by post-trial motion must be so asserted. The provision is intended to *Page 908 
avoid the necessity of repeated assertions of the same point below. Once ruled on by the trial court in some form, the point is preserved for review on appeal.
Therefore, Educators is permitted to raise the following issues in their brief for appeal. The first issue is whether the trial court erred in denying Educators' J.N.O.V. and allowing the verdict to stand holding that the Whites were damaged by Educators' misrepresentations which were made in connection with the loan transaction.
Educators claims that since the Whites recovered money in theAllman case from Educators' initial refusal to purchase stock, that the Whites have been remedied and have suffered no damage. This court notes, however, that the issue in the case at bar is different from the issue in the Allman decision. In that case it involved the refusal of Educators to repurchase stock as the company had promised in its original policy. This case, however, involves misrepresentation in the execution of the promissory note in which Educators had agreed to accept Mr. White's stock dividends as partial payment on the loan. Educators further claims that there was no damage incurred as the Whites admitted receiving the money and not paying all of it back. The Whites noted, however, in response to Educators' motion for directed verdict, that:
 The damages would be incurring the obligation to pay the interest, having his stock tied up as collateral, not being able to sell it during those times, and the failure of the plaintiff to cancel the indebtedness as agreed.
The jury also, apparently, found that there was damage incurred by the Whites as a result of the misrepresentation.
This court finds the trial court did not err in denying the motion for J.N.O.V. in accordance with a Fifth Circuit ruling in Jennings v. Patterson, 488 F.2d 436 (5th Cir. 1974) which held that:
 Where there is substantial evidence "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" a motion for judgment notwithstanding the verdict should be denied.
The Whites state further in their brief that Educators has designated less than the entire reporter's transcript as part of the trial record, and that Educators should not now be able to question the lack of sufficient evidence to support the judgment. While this principle is true, and the record may not be complete in the present case, this court finds that the record was complete to the extent that the evidence was sufficient to support the trial court holding.
Another issue presented by Educators is whether their motion for summary judgment should have been granted since the Whites admitted receiving the $7,000 and agreed on the number of payments to be made. Thus, Educators claims that they should get a judgment as there is no genuine issue of material fact. However, the Whites contend that though they admit to borrowing the money, they are not liable for the interest incurred after November 14, 1974 which is the last payment he made on the note. It was at this point in time that Mr. White had informed Educators of his intention to exercise his option to pay the note off with the stock dividends. Beginning on January 8, 1975, interest began to run on the remaining balance of $5,178.24 to total $6,556.81 at present.
Educators further claims that the issue of the corporation repurchasing Mr. White's stock was litigated earlier in theAllman case, and cannot now be raised as a defense. This court finds, however, as was stated earlier, that the trial court was correct in holding that the issues involved in the Allman
decision and the present case are different, and thus the earlier case is not res judicata in this instance.
The Alabama Supreme Court, in Whitehead v. Davison Oil Co., Ala., 352 So.2d 1339 (1977), stated that "summary judgment is only appropriate where it appears that the nonmoving party could not prevail under any set of conceivable circumstances." The Committee Comments at the end of ARCP *Page 909 
Rule 56 on summary judgment stated that "if there is a scintilla of evidence supporting the position of the party against whom the motion is made, so that at a trial he would be entitled to go to the jury, summary judgment cannot be granted." Thus, this court holds that the trial court did not err in denying Educators' motion for summary judgment.
Educators' third issue raised was whether its motion in limine should have been granted as the issues sought to be kept out of the trial were barred by the doctrine of res judicata.
Educators contends that the corporation settled for two and one-half million dollars plus hundreds of cancelled subscription contracts and in return the stockholders relinquished their issue of Educators' failure to purchase their stock. Educators claims that the Whites cannot come in now and claim Educators has failed to purchase its stock. The District Court's order stated that:
 All claims asserted in this action against the Settling Defendants or which could have been asserted in this action against the Settling Defendants based on any acts, omissions or representations of the Settling Defendants in connection with the offer and sale of stock of Educators' Investment Corporation of Alabama to plaintiff, the Class, and plaintiff-intervenors . . . are dismissed with prejudice and on the merits.
However, the Whites note that Mr. Masters had requested the Whites to wait on the committee decision, which they did. After the Allman case was settled in May 1977, Educators notified the Whites in October 1977 that they were in default.
Also, the issue in the Allman case concerned a misrepresentation by the corporation to purchase the shareholders' stock. In this case, the issue was concerned with Educators' misrepresentation in the execution of the promissory note to purchase the Whites' stock dividends, not his actual stock which Mr. White invested in. In the Allman case the stock investment was at issue and the judgment involved only the stock, and not stock dividends.
Educators cites the decision of Bryan v. W.T. Smith LumberCo., 278 Ala. 538, 179 So.2d 287 (1965), which enumerates the elements necessary to constitute res judicata: (1) the parties must be the same; (2) the subject matter must be the same; (3) the judgment must be rendered on that point. This court holds that the above elements do not all apply to the case at bar, and therefore the doctrine is not applicable.
This court holds that the trial court did not err in denying Educators' motion in limine.
A final issue presented by Educators was whether the jury verdict in favor of the Whites was against the weight of the evidence, and therefore a new trial should be granted.
Educators claims that the record does not support the Whites' claim of misrepresentation on the part of Educators regarding the promissory note. This court just recently reiterated the general rule in Sangster v. Sangster, Ala.Civ.App.,366 So.2d 1136 (1979) that:
 The granting or denial of a motion for a new trial rests largely in the discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness and should not be disturbed at the appellate level unless some legal right was abused and the record plainly and palpably shows the trial court was in error.
In Walker v. Cardwell, Ala., 348 So.2d 1049 (1977), our state supreme court noted that:
 [V]erdicts are presumed correct and the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court.
In view of the above stated facts, this court finds that the trial court was correct in denying Educators' motion for new trial. This court finds no reversible error in the trial court proceeding; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 910