This is an appeal from an order granting a new trial.
On December 14, 1979 the plaintiffs, Timothy and Karen Jones, were involved in an automobile accident with James Cannon, the defendant. The automobile driven by the defendant struck the plaintiffs' car from the rear causing the Joneses' car to collide with another automobile.
At the time of the accident, Karen Jones was four months into her second pregnancy. Her first pregnancy had ended in a miscarriage in the fourth month. The impact from the accident caused Karen Jones to be thrown to the floor of their automobile. She was taken to the Mobile Infirmary emergency room and was examined. Karen Jones was afraid that the accident had affected her baby's development. Soon thereafter, she quit her job. The baby was healthy at birth and has experienced normal development.
Plaintiffs filed a negligence action in the Mobile County Circuit Court naming James Cannon and his father, Ashton Cannon, Jr., as defendants. The father was not in the car at the time of the accident. On March 18, 1982 a jury trial was held. Ashton Cannon, Jr.'s motion for directed verdict was granted as to him. The jury returned a verdict in plaintiffs' favor and awarded Karen Jones $400 damages and Timothy Jones $100 damages.
The plaintiffs filed a motion for a new trial alleging that the judgment was grossly inadequate and that the judgment rendered was reached by averaging. The trial judge granted plaintiffs' motion but gave no grounds for this grant in his order. Defendant brings this appeal.
Granting or denial of a motion for new trial is in the trial court's discretion. The exercise of that discretion carries a presumption of correctness and will not be disturbed by this court absent plain and palpable error in exercise of the trial court's discretion and abuse of some legal right. Educators'Investment Corp. v. White, 374 So.2d 905 (Ala.Civ.App. 1979). When the trial court grants a motion for new trial, without specifying the grounds, this court will presume that the lower court granted the new trial on the ground of inadequacy of damages. Smith v. Winkles, 49 Ala. App. 454, 273 So.2d 215
(Ala.Civ.App. 1973).
Defendant asserts that the jury verdict should not be disturbed as being inadequate unless the verdict was produced by passion, prejudice, improper motive or influence on the jury. Montgomery Light and Traction Co. v. King, 187 Ala. 619,65 So. 998 (1913); Alabama Farm Bureau Mutual CasualtyInsurance Co. v. Anderson, 52 Ala. App. 651, 296 So.2d 739
(Ala.Civ.App. 1974). Absent evidence of improper motive, prejudice or improper influence on the jury — and there is none in this case — however, the question in the case of inadequate damages is: does the verdict fail to give substantial compensation for substantial injuries? Smith v.Winkles, supra. The trial court should only use its power to set aside a jury verdict when it is apparent that injustice will result if another jury does not examine the facts. AlabamaFarm Bureau Mutual Casualty Insurance Co. v. Anderson, supra;Watts v. Pettway, 49 Ala. App. 324, 272 So.2d 251 (Ala.Civ.App. 1973).
Plaintiffs argue, as has been mentioned earlier, that the court's granting of a new trial is in its discretion and is presumed correct. Hubbard Brothers Construction *Page 441 Co. v. C.F. Halstead Contractor, Inc., 294 Ala. 688,321 So.2d 169 (1975). When the trial court grants a new trial on the ground of inadequate damages, this court must indulge this presumption unless the evidence plainly and palpably supports the verdict. Curry v. Griffith, 52 Ala. App. 644, 296 So.2d 733
(Ala.Civ.App. 1974).
Testimony offered at trial showed that Timothy Jones received only a few bruises in the accident. Karen Jones received injuries to her back and neck and had several minor cuts as a result of the accident. She stayed in bed for five days after the accident and lost $65 in wages. When she returned to work six days after the accident, she could not perform her job because of the pain and stiffness in her neck and back. The pain in her neck subsided after a month but the back pain continued throughout her pregnancy. Karen Jones left her job after a month. Testimony was also presented that after the accident Timothy Jones had to perform the bulk of the household chores because his wife was physically unable to do the work.
Laura Smith, Karen Jones's mother, rode with Karen and Timothy Jones to the emergency room. Mrs. Smith stated at trial that Karen was hysterical as she rode to the hospital. Karen was afraid she would lose the baby. After she was examined and released from the hospital, Karen remained upset and concerned about her baby's well-being. Mrs. Smith also testified that the closer the time came for delivery, the more worried Karen became about whether the child was injured in the accident. Karen was afraid that the baby had sustained brain damage or would be born deformed.
Mrs. Smith further testified that Timothy Jones was also apprehensive about the baby's birth. When his wife went into labor he became upset. Although he had attended classes so that he could be with his wife during delivery, he did not know if he would be able to witness the birth because he was afraid something would be wrong with the child.
It appears in this case that the trial judge granted a new trial because the jury had failed to award substantial damages for substantial injuries. Moreover, we cannot say that the evidence plainly and palpably supports the verdict. Given the strong presumption in favor of the trial court's decision, we feel compelled to affirm its judgment.
In brief appellant argues that the trial judge stated, before the case went to the jury, that he would grant a new trial if the verdict was for less than $5,000. A careful reading of the record does not convince us that the trial judge committed himself to granting a new trial under such circumstances. Furthermore, as noted above, we believe the evidence supports the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.