HOLMES, Judge.
The plaintiff sued the defendant as a result of an automobile accident. The jury returned a verdict in favor of plaintiff and assessed her damages at $3,950. Thereafter, the plaintiff filed a motion for new trial. The plaintiff’s motion was granted and defendant appeals.
The dispositive issue on appeal is whether the trial court erred in granting the plaintiff’s motion for new trial on the basis of inadequate damages.
We do not deem it necessary to set out in detail the facts surrounding this appeal. Suffice it to say that there is competent evidence that the plaintiff incurred medical expenses as a result of the accident in the amount of approximately $3,930. There is also competent evidence that the plaintiff had lost wages as a result of the accident of $765. There is also competent evidence that the plaintiff experienced pain and suffering as a result of the accident, to wit, a back injury.
The learned trial court, in its order granting plaintiff’s motion for new trial, stated in part as follows:
“The Court, after consideration of the foregoing motion for a new trial, is of the opinion that it is well taken in that the evidence in this cause shows that the verdict of the Jury for and on behalf of Mattie Burks found that she was entitled to recover yet the amount of damages awarded did not approximate even the special damages that were uncontradicted in the form of evidence given to the Jury and the Court is of the opinion that the verdict with reference to the award to Mattie Burks must be set aside as being insufficient in that if she was entitled to recover at all, she was entitled to recover no less than those special damages that she had shown that she has a right to recover under the law and evidence of this case.”
We note at this juncture that both parties through their respective able counsel have favored this court with excellent briefs, for which we are grateful.
This appeal confronts this court again with two seemingly conflicting presumptions. These presumptions are aptly discussed by our Presiding Judge Wright in Curry v. Griffith, 52 Ala.App. 644, 296 So.2d 733 (1974). The following from Curry, 296 So.2d at 734-35, is appropriate and, under the faets of this case, dispositive of this appeal:
“There is presented in cases such as this, two seemingly conflicting presumptions. First, the presumption of the correctness of a jury verdict reached after a full and fair hearing of the evidence. Every litigant has the constitutional right to have issues of fact determined by a jury if such right existed at common law. Article 1, Section 11, Constitution of Alabama. However [Ala.Code § 12-13-11 (1975) ], gives power to the trial court to set aside any verdict of a jury which it considers inadequate or excessive and submit the case to another jury. Such power in the trial court should be exercised with great consideration and caution and only if it plainly appears, either from the events of the trial or from the amount of the verdict in light of the clear *283 and convincing evidence, that injustice will be done if the facts are not examined by another jury. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495; Smith v. Winkles [49 Ala.App. 454, 273 So.2d 215], supra.
“The second presumption is that if the trial court exercises its power of granting a new trial, it properly did so. McLemore v. International Union [264 Ala. 538, 88 So.2d 170], supra. In order to overcome the latter presumption, the reviewing court must find that the evidence clearly and fully supports the verdict of the jury. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Ala. Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754.
“Upon review, the reviewing court must consider both the first and second presumptions. The trial court is confronted with only the first. However, the trial court having presided over the trial, observed the witnesses, umpired the contest, observed the jury during the trial, aware of their personalities, abilities and motives, felt the atmosphere and nuances surrounding every trial, is in a far better position to weigh the presumption of correctness of the verdict than is the reviewing court. It is therefore only in cases of obvious and convincing proof of abuse of its statutory power that the reviewing court will reverse the granting of a new trial by the trial court.
“It is not simply a question of what the reviewing court thinks of the weight and tendencies of the evidence, nor what we think we would have done had we been sitting as the trial judge. It is our duty to determine after considering all of the tangible evidence in the record and the often intangible matters known to the trial judge, but not evident from the record, that the evidence so strongly supports the verdict of the jury that submission of the case to another jury would be unjust to the parties and contrary to the principle of conclusiveness of a jury verdict.
“We confess, under the facts of this case, had the trial judge denied the motion for new trial, we would have affirmed. However, after considering the evidence, we are unable to hold that the evidence so strongly supports the verdict that the trial judge must have committed error in setting it aside. We therefore affirm.
“Affirmed.”
On the above authority this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.