This appeal is from the order of the trial court setting aside a jury verdict and granting to plaintiff a new trial.
On April 17, 1983 Lynda Pope Roberts and several passengers, including her daughter, were stopped at an intersection in Mobile County when Mitford H. Merritt struck their automobile from behind. Mrs. Roberts, in her own name and as next friend of her minor daughter, then filed suit against Mr. Merritt, alleging negligence and wantonness in the operation of his vehicle. As a result of Mr. Merritt's alleged conduct, Mrs. Roberts and her daughter sought to recover damages for permanent and temporary personal injuries, pain and suffering, and medical expenses.
The case was tried before the court and a jury on May 2, 1985. The jury returned a verdict in favor of Mrs. Roberts for $740.75 and a verdict in favor of Deonda Pope for $3,603.76.
Subsequent to these proceedings, Mrs. Roberts and her daughter moved the trial court to set aside the verdict and judgments entered and to grant a new trial. Their motions were based on alleged irregularities in the proceedings by virtue of the court's failure to accept the original verdict, inconsistency of the verdicts rendered, and inadequacy of damages awarded. After a hearing the trial court granted the motions for a new trial, but the court failed to state the grounds upon which it based its decision. The defendant appeals the order granting the new trial.
Granting or denying a motion for new trial is a matter resting largely within the discretion of the trial court, and exercise of this discretion carries with it a presumption of correctness. Smith v. Blankenship, 440 So.2d 1063 (Ala. 1983). Furthermore, this presumption is so strong that absent plain and palpable abuse in the exercise of its discretion the decision of the trial court will not be disturbed on appeal.Welch v. Jones, 470 So.2d 1103 (Ala. 1985).
When a trial court grants the plaintiff's motion for new trial without specifying the grounds therefor, and one of the grounds in the motion is that the awarded damages were inadequate, our appellate courts will presume that the trial court granted a new trial because it concluded that the damages awarded by the verdict were in fact inadequate. Cannon v.Jones, 426 So.2d 439 (Ala.Civ.App. 1983). Thus, it follows that for purposes of this appeal we will presume that the trial court granted the new trial on the ground of inadequacy of damages.
A review of the record reveals that the degree of injuries sustained by Mrs. Roberts and her daughter, as well as the necessity for their medical treatment, was a highly contested issue at trial. Although no evidence was presented which indicated that either Mrs. Roberts or her daughter had any specific permanent injury, there was evidence presented that they had both experienced a considerable amount of back and neck pain and shortness of breath. There was also evidence, through the deposition of an orthopedic surgeon, that both Mrs. Roberts and her daughter had pre-existing vertebral disorders which were probably aggravated by the accident. *Page 911 
After a substantial period of treatment by several orthopedic specialists, Mrs. Roberts and her daughter sought the treatment of a chiropractor. His conclusion was that the accident caused them to suffer cervical sprains which was the cause of their pain.
The record reveals that the orthopedic and special medical expenses incurred were stipulated to be $740.75 for Mrs. Roberts and $3,603.36 for her daughter. The chiropractic expenses, which were not stipulated to, were $2,146.
As noted previously, the jury awarded $740.75 to Mrs. Roberts and $3,603.76 to her daughter. Thus, this amount was almost equal to their stipulated medical expenses. The verdicts excluded any award for chiropractic expenses or damages for pain and suffering.
We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, subject to revision by the court only where the jury has clearly abused its discretion. White v. Fridge, 461 So.2d 793 (Ala. 1984). Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages awarded can be measured and, thus, the trial court is not authorized to interfere with the jury's verdict simply because the court may believe it was inadequate.White, supra. However, when reviewing the decision of the trial court to grant a new trial, the evidence must "plainly and palpably" support the verdict in order for there to be a reversal of the award of a new trial. Cannon, supra.
In the instant case, we cannot say that the evidence plainly and palpably supports the jury's verdict. As noted previously, the record was replete with evidence of pain and suffering, mental anguish, and uncompensated chiropractic expenses. Thus, in light of the strong presumption in favor of the trial court's decision, we affirm the setting aside of the verdicts and the granting of the new trial.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.