Edith June Kinard brought an action for injuries sustained in an automobile collision with Annette C. Davis's automobile. The jury awarded damages in the amount of $5,448.15. Kinard appeals from an order denying a motion for new trial, contending that the trial court erred in failing to grant a new trial on the issue of inadequate damages. We reverse and remand.
We note at the outset that jury verdicts in Alabama are presumed to be correct and that this presumption is strengthened by the trial court's denial of a motion for new trial. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). We must view the evidence most favorably to the prevailing party and may not reverse unless the judgment based on the jury verdict is plainly and palpably wrong. Id.
Furthermore, when a motion for new trial is based on inadequacy of damages, the questions to be considered are "whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and [whether it fails] to give substantial damages for substantial injuries." O'Daniels v. Bates, 456 So.2d 807, 808
(Ala.Civ.App. 1984).
The record indicates that in February 1988 Kinard was turning into her driveway from the highway when she was struck from the rear by an automobile driven by Davis. Kinard subsequently suffered continuing pain in her neck and back, as well as numerous other symptoms. In 1990 she suffered a stroke, which was unrelated to the automobile accident. The parties stipulated that Kinard's medical bills related to the accident amounted to $5,448.15. That is the exact amount that the jury, after finding in favor of Kinard, awarded to her.
Kinard testified that she has had pain in her neck and back since the time of the accident and has been unable to take part in many of the day-to-day activities in which she was involved prior to the accident. She is unable to do housework and cannot write or hold anything in her hand and, therefore, is unable to continue in her work as an accountant.
Dr. Richard L. Bendinger, a doctor of osteopathy in general practice, treated Kinard for various medical conditions prior to the accident. In February 1988 Kinard was seen by Dr. Bendinger for pain in the neck radiating into her left arm and shoulder, as well as mid- to low-back pain, from injuries which Kinard related to a recent automobile accident. Dr. Bendinger testified that most of Kinard's symptoms were "musculo-skeletal," which do not show up on X-rays. The X-rays revealed some narrowing of the vertebral interspace, probably due to aging changes, but no acute damage was observed.
There were a number of subsequent visits, during which various medications and heat therapy were prescribed. Kinard improved, but in April the symptoms had *Page 159 
worsened, and Dr. Bendinger recommended that Kinard see an orthopedic surgeon. Dr. Bendinger treated Kinard for approximately six months until August 1988 and then did not see her until December 1988.
In February 1989 Kinard again complained of neck pain, and in June 1989, because the pain had lasted longer than a routine convalescent time, Dr. Bendinger stressed the need to see a neurologist.
In January 1990 Kinard began to complain of pain in her right arm for the first time. Pain had previously been in the left arm. Dr. Bendinger testified that it is possible that tingling in the right arm could be from the accident. When Kinard asked him if her tingling and numbness and the disc space narrowing were due to the automobile accident, Dr. Bendinger replied that he did not know. He did not rule out the automobile accident as a cause, but was unable to tell. He felt that Kinard was in pain from the accident, but she seemed to want to relate all the pain to the accident. However, Dr. Bendinger did state that the neck and back pain "more than likely" was caused by the automobile accident. Dr. Bendinger ultimately stated that the pain in the neck and the thoracic spine was a result of the accident in 1988, because it never went away after the accident.
Dr. Marion Willard Evans, Jr., a chiropractor, also treated Kinard for injuries which Dr. Evans testified would be consistent with a motor vehicle rear-end collision. He saw Kinard from 1988 to 1990. Dr. Evans testified that Kinard's symptoms were a result of her injuries from the automobile accident and that they possibly will be present for the rest of her life. She will probably need surgical intervention at some time in the future.
Dr. Bryan Thompson, a neurologist, first saw Kinard on January 18, 1990, some two years after the accident, on referral from Dr. Bendinger after Kinard complained of neck pains and pain in the right arm. However, Dr. Thompson noted during his examination of Kinard that her complaints of pain in the neck fluctuated during the exam, and although Kinard had cervical muscle pains and some complaint of numbness, he did not find anything definite on examination. He was unable to correlate the pains to the automobile accident two years before, but stated that he could attribute the pain to "something new."
The jury awarded damages in the exact amount stipulated to be Kinard's medical expenses related to the accident; therefore, it is clear that there were no damages awarded for pain and suffering. Damages are considered inadequate where they are not sufficient to compensate for proven expenses and are also inadequate where there is no compensation for pain and suffering. Grayson v. Alexander, 347 So.2d 108 (Ala.Civ.App. 1977).
The evidence was clear that Kinard sustained a painful injury due to the automobile accident and that she continued to experience pain for several years after the accident. Dr. Bendinger testified that, although he did not know if all of Kinard's problems were related to the accident, her back and neck pain was a result of the accident because "the pain never fully went away." Dr. Evans testified that Kinard's symptoms were a result of injuries from the accident and that they may be present for the rest of her life. Although Dr. Thompson stated that he was unable to relate the pain to the automobile accident, he did not examine Kinard until two years after the accident, during which time there had been an intervening stroke. His examination related to neck and right arm pains, which were different from the left arm pains that had been experienced after the accident. This testimony did not contradict the evidence of the prior two years of pain and suffering testified to by Kinard and Drs. Bendinger and Evans.
Once the jury found Davis liable, it was duty bound to award substantial compensation, including damages for physical pain, mental suffering, and permanent injury, as well as proven medical expenses and loss of earnings and earning capacity.Thompson v. Cooper, 551 So.2d 1030 (Ala. 1989); McCain v.Redman Homes, Inc., 387 So.2d 809 (Ala. 1980). Because the verdict does not allow for the proven pain and suffering *Page 160 
and does not give substantial compensation for substantial injuries, Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980), the judgment of the trial court denying Kinard's motion for new trial is reversed and the cause remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in result.