MONROE, Judge.
This is an appeal from a judgment based on a jury verdict in a medical malpractice action in favor of the plaintiff K.P. in the amount of $1.00 and against K.P.’s wife, the plaintiff N.P.
K.P., the husband, filed a medical malpractice action against Josiah F. Reed, Montgomery Urology Associates, and various other medical care providers in March 1988, alleging that he had sustained serious and permanent injuries to his penis after undergoing surgery to remove a condition known as Pey-ronie’s plaque. He claimed as damages permanent injury, physical disfigurement, physical pain and suffering, and mental anguish. N.P., the wife, made a companion claim for loss of consortium. The trial court entered summary judgment as to the various other defendants, and the case proceeded against the doctor. The trial court dismissed the ease for want of prosecution in April 1992; the Alabama Supreme Court overturned the dismissal in K.P. v. Reed, 626 So.2d 1241 (Ala.1992). Finally, the case came to trial before a jury in June 1994. After a five-day trial and after about nine hours of deliberations, the jury returned a verdict in favor of the husband, awarding damages in the amount of $1.00, and returned a verdict against the wife. The husband and wife filed motions for new trial, which were denied by operation of law under Rule 59.1, Ala.R.Civ. P., when they were not ruled on by the trial court within 90 days. The husband and wife appeal.
The husband and wife raise three issues on appeal. The husband contends that the jury verdict in his favor is inadequate and inconsistent. The wife contends that the jury verdict against her is inconsistent with the jury verdict in favor of her husband. She also contends that the trial court erred in excluding certain statements by one of the treating physicians.
A brief summary of the facts is as follows. In 1985, the husband was referred to Dr. Reed, a urologist, for treatment of Peyronie’s disease, a condition in which a plaque forms underneath the outer surface of the penis. The disease often causes severe pain and curvature of the penis, which can interfere with sexual function. In March 1986, Dr. Reed performed surgery to remove the plaque. In the weeks following surgery, substantial portions of the husband’s penis turned black and fell off. The husband was then required to undergo painful debriding and skin grafting procedures and, eventually, partially successful reconstructive surgery. In 1989, the husband opted to have a prosthesis inserted in order to regain some sexual function. His body rejected the prosthesis *936 and, consequently, most of the progress he had made thus far was lost. In March 1993, the husband developed prostate cancer and his prostate was subsequently removed.
I
The first issue we address is whether the jury’s verdict in favor of the husband, but awarding him only $1.00 in damages, was inadequate and inconsistent. The law is settled that when a jury returns a verdict for a plaintiff in a negligence action but awards no damages, the verdict is inconsistent on its face. Denton v. Foley Athletic Club, 578 So.2d 1317 (Ala.Civ.App.1990). However, when the plaintiff has been awarded some damages, no matter how small, the issue is whether the verdict is inadequate, not whether it is inconsistent. Id. “It is thus the absence of damages, not the deficiency thereof, which renders the entire verdict inconsistent.” Id. at 1319. Since the jury did award damages here, however minuscule, there is not an absence of damages. “While the amount of the award may appear inconsistent with the amount of actual damages proven, the verdict itself is not inconsistent as a matter of law.” Id. at 1319.
Next we address whether the verdict was inadequate. We recognize that a jury verdict is presumed to be correct. Kinard v. Davis, 594 So.2d 157 (Ala.Civ.App.1992).
“Furthermore, when a motion for new trial is based on inadequacy of damages, the questions to be considered are “whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and [whether it fails] to give substantial damages for substantial injuries.’ ”
Id. at 158 (citation omitted). The assessment of damages is largely within the discretion of the jury. See Jones v. Butts, 646 So.2d 104 (Ala.Civ.App.1994). This is particularly true where thejury assesses damages for physical injury and pain and suffering. See Merritt v. Roberts, 481 So.2d 909 (Ala.Civ.App.1985). “[I]n eases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages awarded can be measured.” Id. at 911. The jury’s verdict will be left intact if the evidence plainly and palpably supports the verdict. Id.
However, “[i]t is the duty of the trial court to grant a new trial for inadequate damages where, after making all allowances, the verdict is clearly unjust.” Denton v. Foley Athletic Club, supra, at 1319. A line of cases has evolved that holds that “[w]here liability is established, the assessment of damages must include an amount at least as high as the uncontradicted special damages, as well as [a] reasonable amount as compensation for pain and suffering.” Jones v. Butts, 646 So.2d at 105. “A jury is not at liberty to ignore undisputed evidence.” Id. These cases have all involved appeals asserting inadequacy of the verdict where there was a claim for special damages as well as a claim for pain and suffering. Therefore, they do not make it clear when an award of damages under a claim that does not include special damages can be set aside for inadequacy of damages.
In Kinard v. Davis, 594 So.2d at 159, this court said that “[d]amages are considered inadequate where they are not sufficient to compensate for proven expenses and are also inadequate where there is no compensation for pain and suffering.” In the ease at bar, the husband was awarded damages of $1.00. “An award of one dollar is, in effect, an award of nominal damages.” Benson v. Vick, 460 So.2d 1309, 1312 (Ala.Civ.App.1984). If the evidence shows that the defendant breached a duty to the plaintiff, the plaintiff is entitled to recover at least nominal damages. If a plaintiff shows actual damage he is entitled to recover more. Id. Here, the evidence is undisputed that the husband suffered severe permanent injuries and physical disfigurement, as well as physical pain and suffering.
However, to determine when this court can set aside a judgment for inadequacy of damages where there was no claim for special damages, we must first go back to a 1914 Alabama Supreme Court case, Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998 (1914). In that case, the plaintiff, an 11-year-old girl, sought damages only for her physical injuries, which were the sever- *937 anee of the toes on her right foot and the mutilation of her left foot. In that case, the court first set out the rule in Alabama for setting aside a jury verdict for inadequacy of damages for claims where there is no fixed standard of measurement of damages by a jury. The court held that such an award of damages is left to the discretion of the jury and cannot be set aside unless the amount is so inadequate as to plainly indicate that the verdict was produced by passion, prejudice, or other improper motive. The jury had awarded the girl $2500 for her personal injuries. The Supreme Court found that, although her injuries were serious, painful, and permanent, and while it might have awarded more, it could not reverse the judgment of the trial court.
This rule of law has evolved over the years, through eases where there were claims for both special damages and pain, suffering, and permanent physical injuries. It was set out as the basic law for considering claims of excessive or inadequate damages in King v. Sturgis, 45 Ala.App. 553, 556, 233 So.2d 495 (1970), as follows:
“ ‘In Montgomery Light & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L.R.A. 1915F, 491 Ann.Cas. 1916B, 449, a case of personal injury, involving damages not measurable by any legal standard, and the question for review was inadequacy of the damages awarded, this court, after quoting and approving the opinion in Mosely [Moseley] v. Jamison, 68 Miss. 336, 8 So. 744, 745, declared: “In a case like this, the trial court is by the law — which protects and provides for trials by jury — invested with no right to set aside such a verdict upon the ground of exeessiveness or inadequacy alone unless the amount allowed by the verdict is so excessive or inadequate as to plainly indicate that the verdict was produced ‘by passion or prejudice or improper motive.’ ” ’ ”
In King, the court used Montgomery Light & Traction Co. as a basis and held that the standard was whether the verdict failed to give substantial compensation for substantial injuries. In so holding, it cited Alabama Great Southern R.R. v. Randle, 215 Ala. 535, 112 So. 112, 113 (1927), where the court said that “there may be cases, even of injuries not measurable by any legal standard, where the proven injuries were so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries.” The King standard of substantial compensation for substantial proven injuries, used in appeals regarding a claimed inadequacy of verdicts for. injuries not measurable by any legal standard, was further adopted in Patterson v. Byrd, 459 So.2d 881 (Ala.Civ.App.1984), reversed on other grounds, Ex parte Patterson, 459 So.2d 883 (Ala.1984), and in Watts v. Pettway, 49 Ala.App. 324, 272 So.2d 251 (1972).
We find that, in cases such as this one, where there is a claim for permanent injuries, disfigurement, and/or pain and suffering, but no claim for special damages, and there is an appeal based on an alleged inadequacy of the verdict, the standard we must apply is whether the verdict provided substantial compensation for substantial proven injuries. Here, it was undisputed that the husband suffered severe and permanent injuries, disfigurement, and substantial pain and suffering. His failure to make a claim for special damages, such as medical payments, should not prevent his recovery of substantial compensation. Once the jury found Dr. Reed liable, it was duty bound to award substantial compensation for the husband’s injuries. We cannot say that an award of $1.00 was adequate compensation for the husband’s injuries.
Dr. Reed argues that the award of $1.00 in damages was not error because, he says, the jury could have found that the husband’s extensive damages were not proximately caused by any alleged negligence on the part of the doctor. In support of this argument he cites a fraud ease, Courtesy Ford Sales, Inc. v. Hendrix, 536 So.2d 88 (Ala.Civ.App.1988), in which an award of nominal damages was upheld because the court said the jury could have found that the defendant’s actions did not proximately cause the plaintiffs injuries. We find this argument to be without merit in this personal injury case. The judge charged the jury, in an instruction not objeet- *938 ed to, that in order for the jury to find for the husband, under any of the three theories advanced by the husband, it first had to find that Dr. Reed breached a national standard of care; that this breach proximately caused the husband’s injuries; and that the husband suffered damage. A finding that Dr. Reed was liable under any of the husband’s three theories would result in a finding that his actions proximately caused the husband’s damages, whether the doctor was found liable for failure to warn of the possible consequences of surgery and the limited potential for positive outcome; for proceeding with a lack of adequate indications for surgery; or for negligence in post-operative care. Once the jury found that Dr. Reed was liable, it was obligated to award damages for substantial proven injuries. See Kinard v. Davis, supra, at 159. We hold that the trial court abused its discretion in failing to grant the husband’s motion for new trial and in allowing the motion to be overruled by operation of law after 90 days had passed. Therefore, we reverse the judgment of the trial court as it relates to the husband’s claims, and remand the husband’s cause for a new trial on those claims.
II
The next issue we address is whether the jury verdict against the wife on her claim for loss of consortium is inconsistent with the jury verdict in favor of her husband.
“Consortium is defined as ‘conjugal fellowship of husband and wife, and the right of each other to the company, society, cooperation, affection, and aid of the other in every conjugal relation.’ ” Hinson v. King, 603 So.2d 1104, 1106 (Ala.Civ.App.1992). “An award of damages in favor of an injured spouse does not necessitate a companion verdict for loss of consortium for the other spouse.” Id. See also White v. Searcy, 634 So.2d 577 (Ala.Civ.App.1994). Additionally, damages for loss of consortium cannot be ascertained by any fixed standard and are within the discretion of the jury. The jury’s verdict on a claim for loss of consortium can be overturned only when there is a clear abuse of discretion evidencing passion or bias. Phillips v. Tays, 555 So.2d 1096 (Ala.Civ.App.1989). In considering the wife’s claim for loss of consortium, the jury could properly consider the state of the husband’s health before the surgery. Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965).
The evidence showed that, for at least several months before the surgery was performed, the husband had been experiencing severe pain and curvature of the penis. Additionally, evidence showed that, without the surgery, this pain and curvature could have eventually gone away or could have continued indefinitely. Therefore, the jury could have found that the husband’s physical and emotional problems after the surgery did not necessarily cause a loss of consortium. Considering all of the evidence presented to the trial court, we cannot say that the jury’s verdict against the wife on her claim for loss of consortium was inconsistent with the verdict in favor of her husband.
Ill
The final issue raised by the wife is whether the trial court erred in excluding statements by a treating physician, who was in partnership with Dr. Reed, as to what he personally would have done differently from what Dr. Reed did in treating the husband. Dr. Joseph E. Davis, Jr., treated the husband on several occasions after the surgery. Several of the statements from Dr. Davis’s deposition drew objections as the deposition was being read at trial, and were not admitted into evidence.
The wife first contends that this testimony should have been admitted, because, she says, it provides additional evidence of liability on the part of Dr. Reed, which might have resulted in a verdict in her favor. “To establish a physician’s negligence, the plaintiff ordinarily must proffer expert medical testimony as to what is or is not the proper practice, treatment, or procedure.” Complete Family Care v. Sprinkle, 638 So.2d 774, 777 (Ala.1994). This expert testimony generally sets out “the degree of care, diligence, and skill that reasonably competent physicians in the national, medical community would ordinarily exercise when acting in the same or similar circumstances.” *939 Id. Therefore, Dr. Davis’s testimony as to what he personally would have done is inadmissible as expert opinion evidence of Dr. Reed’s liability.
The wife next argues that Dr. Davis’s testimony should have been admitted as an admission of a party-opponent. We disagree. We do not agree that statements by one partner of what he personally would have done differently under certain circumstances constitute an “admission” that what his partner did was medical malpractice.
We find that the trial court did not err in excluding Dr. Davis’s statements. We affirm the trial court’s judgment in favor of Dr. Reed on the wife’s claim for loss of consortium.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.